LUIS PAGÁN NAVEDO y OTROS, apelantes y recurridos, *v.* HONORABLE EDWIN RIVERA SIERRA, ETC., apelados y peticionarios.

*Número:* CC-96-372　　　　*Resuelto:* 30 de mayo de 1997

*Carlos Lugo Fiol, Procurador General,* y *Francisco González Muñiz, Procurador General Auxiliar,* abogados de la parte recurrente; *Osvaldino Rojas Lugo,* abogado de la parte peticionaria.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

I

El 28 de diciembre de 1990 presentaron demanda sobre *injunction* permanente, entredicho preliminar, sentencia declaratoria y daños y perjuicios, el Sr. Luis A. Pagán Navedo, el Sr. Julio Alicea Vasallo, por sí y en representación de la sociedad legal de gananciales compuesta por éste y la Sra. Bethzaida Rodríguez Torres, y la Sra. Isabel Ocaña Domínguez, por sí y en representación de la sociedad legal de gananciales compuesta por ésta y el Sr. Luis Báez Avaro. Esta demanda se instó contra el Hon. Edwin Rivera Sierra, Alcalde del Municipio de Cataño y el Municipio de Cataño ante la Sala de Bayamón del entonces Tribunal Superior de Puerto Rico. El señor Pagán Navedo, el señor Alicea Vasallo y la señora Ocaña Rodríguez alegaron haber sido despedidos de los puestos que ocupaban en la Oficina de Auditoría Interna del Municipio de Cataño por motiva-

ciones políticas del Honorable Rivera Sierra. Los demandados contestaron oportunamente la demanda, y presentaron varias defensas afirmativas.

Durante la etapa del descubrimiento de prueba, los demandantes incurrieron en tardanzas para contestar los interrogatorios cursádoles, por lo cual la parte demandada solicitó la imposición de sanciones. El 22 de mayo de 1992, el tribunal desestimó la demanda por incumplimiento reiterado con sus órdenes, archivándose en autos una copia de la notificación de esta sentencia el 28 de mayo de 1992. El 2 de junio de 1992, los demandantes solicitaron la reconsideración, para aducir el cumplimiento de ellos con las órdenes del tribunal y, en consecuencia, la improcedencia de la sentencia desestimatoria. No habiendo el tribunal considerado ésta dentro del término de diez (10) días desde la presentación, el 26 de junio de 1992, los demandantes acudieron ante este Foro mediante un recurso de revisión. Así las cosas, pendiente aún la revisión solicitada, el tribunal de instancia, mediante Resolución de 7 de julio de 1992, ordenó que se dejara sin efecto la sentencia desestimatoria. Por haber dilatado los procedimientos, impuso a los demandantes una sanción de quinientos dólares ($500) a favor del Estado Libre Asociado de Puerto Rico, que habían de pagarse dentro del término de treinta (30) días, so pena de restituir la sentencia en caso de incumplimiento. El 8 de julio de 1992 se archivó en autos copia de la notificación de esta resolución. El 31 de julio de 1992 denegamos la expedición de la solicitud de revisión por falta de jurisdicción. Los recurrentes no habían perfeccionado el recurso al omitir notificar a las demás partes mediante una copia de éste dentro del término jurisdiccional. Esta resolución se notificó a las partes el 3 de agosto de 1992.

Como consecuencia de la denegación del recurso y de la determinación del foro de instancia de dejar sin efecto la sentencia desestimatoria, continuaron allí los procedi-

mientos del caso. El 17 de noviembre de 1992 se celebró una conferencia sobre el estado del caso. En esta ocasión, la parte demandada solicitó que se dejase sin efecto el relevo de la sentencia desestimatoria. Alegó que al dictar la orden de relevo, el tribunal ya no tenía jurisdicción sobre el caso. El tribunal denegó la solicitud. La minuta contentiva de esta determinación fue notificada a las partes el 18 de noviembre de 1992. Posteriormente, el 11 de agosto de 1993, los demandados presentaron de nuevo, esta vez en sala abierta, una solicitud de desestimación. Arguyeron que al interponerse el recurso de revisión ante el Tribunal Supremo, el foro de instancia perdió jurisdicción sobre el caso y, por ende, carecía de autoridad para dejar sin efecto la sentencia desestimatoria dictada el 22 de mayo de 1992; es decir, carecía de jurisdicción sobre la materia. El 23 de agosto de 1993, el Municipio de Cataño presentó por escrito otra solicitud de desestimación de la acción, basándose esta vez en el Art. 15.005 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4705).[1] El tribunal se reservó el

---

[1] El Art. 15.005 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4705) enumera aquellas acciones no autorizadas contra un municipio por concepto de daños y perjuicios. Su contenido se detalla como sigue:

"No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:

"(a) En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.

"(b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.

"(c) En la imposición o cobro de contribuciones.

"(d) Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.

"(e) Ocurrida fuera de la jurisdicción territorial del Estado Libre Asociado de Puerto Rico.

"(f) En el desempeño de operaciones de combate por las fuerzas navales o militares en caso de guerra, invasión, rebelión u otra emergencia debidamente declarada como tal por las autoridades pertinentes.

"La sentencia que se dicte contra cualquier municipio de acuerdo con la sec. 4703 de este título no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. La imposición de costas se regirá por el procedimiento ordinario."

fallo de estas dos (2) solicitudes. La vista del caso en sus méritos comenzó el 18 de octubre de 1993 y continuó el 24 de enero y 25 de febrero de 1994. La codemandante, señora Ocaña Domínguez, no compareció.

Casi un año más tarde, el foro de instancia dictó sentencia para desestimar la demanda, sin especial imposición de costas y honorarios de abogado. Como cuestión de derecho, concluyó que había perdido jurisdicción sobre la materia. Sin embargo, procedió a evaluar los méritos de la reclamación. Concluyó, finalmente, que las actuaciones de los demandados no constituyeron un discrimen político hacia los demandantes. Además, sostuvo que el carecer de jurisdicción sobre la materia no le impedía evaluar los méritos de la acción instada. Esta sentencia fue dictada el 23 de febrero de 1995 y notificada el 2 de marzo de ese mismo año.

La parte perdidosa acudió mediante apelación ante este Foro el 3 de abril de 1995, para alegar la existencia de una cuestión constitucional sustancial.[2] Determinamos que no existía una cuestión constitucional sustancial y remitimos el caso al Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito), por ser éste el foro con competencia.

Una vez remitido el caso al Tribunal de Circuito (Circuito Regional de Bayamón), el Procurador General, representando al Hon. Edwin Rivera Sierra, solicitó la desestimación del recurso. Avaló su reclamo en que el tribunal de instancia había reconocido que dictó la sentencia apelada sin tener jurisdicción sobre la materia. El Tribunal de Circuito denegó la solicitud de desestimación. Resolvió que, al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, el tribunal de instancia tenía la facultad para dejar sin efecto la Sentencia de 22 de mayo de 1992 y

---

[2] El término de treinta (30) días para presentar el recurso de apelación vencía el 1ro de abril de 1995. Por tratarse de un sábado, se extendió hasta el lunes 3 de abril.

reabrir el caso. En síntesis, sostuvo que el foro de instancia podía reabrir el caso, luego que el Tribunal Supremo se declaró sin jurisdicción sobre el recurso de revisión, pues había actuado antes de que transcurrieran los seis (6) meses que establece la citada Regla 49.2. Esta Resolución del Tribunal de Circuito de 15 de agosto de 1996 fue notificada el 21 de agosto de ese mismo año. Inconforme con ella, acudió oportunamente el Procurador General en reconsideración. Ésta fue denegada mediante la Resolución de 19 de septiembre, notificada el 25 de septiembre de 1996.

Es precisamente de esta última resolución que acude ante nos el Procurador General mediante una petición de *certiorari*. Señaló como único error que "[i]ncidió el Honorable Tribunal de Circuito de Apelaciones al decretar que el Tribunal de Primera Instancia tenía facultad para reabrir el caso como una reconsideración o un relevo de sentencia y al rechazar la petición de desestimación por falta de jurisdicción sobre la materia". En auxilio de nuestra jurisdicción, dictamos una resolución mediante la cual decretamos la paralización de los procedimientos en el Tribunal de Circuito y concedimos a la parte recurrida un término para que mostrara causa por la cual no debería revocarse la resolución emitida por dicho Foro y ordenarse la desestimación de la apelación. Esta resolución fue notificada el 25 de octubre de 1996. Las partes han comparecido. Procedemos a resolver sin ulteriores procedimientos.

## II

La cuestión jurisdiccional planteada precisa abordar varias reglas procesales, vigentes al 28 de mayo de 1992, fecha en que se notificó la sentencia desestimatoria dictada por el tribunal de instancia el 22 de mayo de 1992. La

anterior Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, disponía lo siguiente:(³)

> La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. *El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido.* Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. *Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.*
>
> Cuando el término para recurrir de una sentencia fuere interrumpido en virtud de esta regla, la interrupción beneficiará a cualquier otra parte que se hallare en el pleito. (Énfasis suplido.)

En esencia, esta regla establece que si el tribunal deja de considerar o tomar alguna acción con relación a una moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que ésta ha sido rechazada de plano y que el término para apelar o solicitar su revisión nunca fue interrumpido. Hemos reconocido, por vía de interpretación, que aun cuando un tribunal rechace de plano una moción de reconsideración debidamente in-

---

(³) La Ley Núm. 249 de 25 de diciembre de 1995 (32 L.P.R.A. Ap. III) introdujo enmiendas a las Reglas de Procedimiento Civil con el propósito de adecuarlas al esquema legal adoptado mediante la Ley de la Judicatura de Puerto Rico de 1994, Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, según enmendado, 4 L.P.R.A. sec. 22 *et seq.* Estas enmiendas han permanecido en vigor desde su efectividad el 1ro de mayo de 1996. Entre otros, se efectuaron cambios a las Reglas 47, 49.2 y 53 de Procedimiento Civil, 32 L.P.R.A. Ap. III. El asunto ante nuestra consideración se resuelve aplicando las reglas procesales previas a la reforma judicial, aunque los principios generales enunciados son aplicables también a las actuales Reglas de Procedimiento Civil.

terpuesta, ya fuese por acción afirmativa o por inacción, éste no quedará privado de su facultad para reconsiderar su actuación. Esto significa que mientras no haya transcurrido el término para recurrir en alzada el tribunal puede considerar la moción de reconsideración. Si así actúa, se entiende que reconsideró su decisión inicial de no atender la moción de reconsideración. Esta decisión interrumpe el término para recurrir en alzada y éste no comenzará a decursar nuevamente hasta que no se archive en autos copia de la notificación de la sentencia dictada en reconsideración o de la resolución que resuelva definitivamente la reconsideración, según fuese el caso.

El tribunal de instancia actúa sin jurisdicción si considera la moción de reconsideración, pasado el término para recurrir en alzada, cuando la sentencia ya ha advenido a ser final y firme. *Súarez v. Flamingo Homes, Inc.*, 102 D.P.R. 664, 668 (1974); *Torres Torres v. Tribunal Superior*, 101 D.P.R. 277, 278–279 (1973); *El Mundo, Inc. v. Tribunal Superior*, 92 D.P.R. 791, 801 (1965). Con anterioridad a la aprobación de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 *et seq.*), el foro de instancia también quedaba privado de su jurisdicción cuando se presentaba, dentro del término para recurrir en alzada, pero antes de que se considerara la moción de reconsideración, un recurso de apelación o revisión contra la sentencia.[4]

---

[4] Véase la Sec. 14 de la Ley de la Judicatura de 1952, Ley Núm. 11 de 24 de julio de 1952, según enmendada por las Leyes Núm. 15 de 26 de junio de 1958, Núm. 14 de 30 de mayo de 1969 y Núm. 11 de 8 de agosto de 1974 (4 L.P.R.A. sec. 37 (ed. 1978)).

Al amparo de la legislación vigente, no existe el recurso de revisión a nivel del Tribunal Supremo. Este Tribunal puede atender recursos de apelación y *certiorari*. El Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito), a su vez, entiende en recursos de apelación, *certiorari* y revisiones administrativas.

En la actualidad, las sentencias emitidas por el tribunal de instancia, como regla general, son revisadas por el Tribunal de Circuito mediante un recurso de apelación. La presentación del escrito de apelación ante el Tribunal de Circuito, salvo lo dispuesto en las Reglas de Procedimiento Civil y Criminal u orden del tribunal apelativo en contrario, suspende los procedimientos en el foro de instancia en cuanto

Ahora bien, la mera interposición de un recurso de revisión o de apelación contra una sentencia no tiene el efecto de privar automáticamente de su jurisdicción al tribunal revisado. Se habrá privado de jurisdicción al tribunal revisado cuando el recurso de revisión o de apelación ha sido debidamente interpuesto y, por ende, el tribunal revisor ha adquirido efectivamente jurisdicción sobre él; es decir, cuando el recurso de revisión o apelación se ha perfeccionado conforme a derecho. De acuerdo con las anteriores Reglas 53.1(b) y 53.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, tal perfeccionamiento exigía: (1) la presentación del escrito de revisión en la secretaría del tribunal correspondiente dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia, y (2) la notificación a todas las partes de la presentación del escrito de revisión dentro del referido término. *Insular Feed Corp. v. Díaz*, 99 D.P.R. 145, 149 (1970).(5) Con relación al segundo requisito, "[l]o determinante es que la notificación se haga 'dentro del término' para solicitar la revisión". *Campos del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337, 347 (1982). Véanse, además: *Ramos v. Condominio Diplomat*, 117 D.P.R. 641, 643 (1986); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, Cap. VIII, págs. 305–306. Cualquier incumplimiento con los requisitos para el perfeccionamiento del recurso de revisión,

---

a cualquier cuestión comprendida en la apelación. Art. 4.002(j) de la Ley de la Judicatura de 1994 (4 L.P.R.A. sec. 22k(j)). De otra parte, si el escrito apropiado para revisar la sentencia o resolución es el de *certiorari*, los procedimientos en instancia, en cuanto a cuestiones comprendidas en el recurso, salvo lo dispuesto en las Reglas de Procedimiento Civil y Criminal u orden del tribunal revisor en contrario, se suspenderán sólo cuando la petición de *certiorari* se expide. Es al momento en que se suspenden los procedimientos que el tribunal de instancia pierde jurisdicción sobre estos asuntos. Art. 4.002(j) de la Ley de la Judicatura de 1994, *supra*. Claro está, las consecuencias antes expuestas en cuanto a la presentación de una apelación y la expedición de un auto de *certiorari* sólo surgirán si los recursos interpuestos no adolecen de fallas jurisdiccionales.

(5) El recurso también deberá cumplir con las reglas pertinentes del Reglamento del Tribunal Supremo. Salvo haberse eliminado el recurso de revisión, las reglas procesales actuales exigen estos mismos requisitos.

priva al tribunal revisor de jurisdicción sobre la materia. Cuando esto ocurre, mientras la sentencia no advenga final y firme, el tribunal inferior conserva jurisdicción para reconsiderar la sentencia o para conceder su relevo al amparo de las disposiciones de la Regla 49.2 de Procedimiento Civil, *supra.*

La ausencia de jurisdicción sobre la materia trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Vázquez v. A.R.Pe.*, 128 D.P.R. 513 (1991). Una vez el tribunal determina que no tiene jurisdicción sobre la materia, viene obligado a desestimar el caso. Regla 10.8(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III. "Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo." *Autoridad Sobre Hogares v. Sagastivelza*, 71 D.P.R. 436, 439 (1950). Véanse, además: *Pérez v. Tribunal de Distrito*, 70 D.P.R. 656, 663 (1949); *López v. Pérez*, 68 D.P.R. 312, 315 (1948). Entiéndase por lo anterior, que un tribunal carente de jurisdicción debe así declararlo, "sin entrar en los méritos de la cuestión ante sí". *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 63 (1989).

Por otra parte, el advenimiento final y firme de una sentencia desestimatoria, dictada por el incumplimiento del demandante con las órdenes del tribunal, tiene "el efecto de una adjudicación en los méritos", "a menos que el tribunal en su orden de desestimación lo disponga de otro modo". Regla 39.2 de Procedimiento Civil, 32

L.P.R.A. Ap. III. Para que proceda el relevo de sentencia en estas circunstancias, es indispensable que se presente ante el tribunal una moción que aduzca al menos una de las razones enumeradas en la Regla 49.2, *supra*: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil, 32 L.P.R.A. Ap. III; (3) fraude intrínseco o extrínseco, falsa representación u otra conducta impropia de una parte adversa; (4) nulidad de la sentencia; (5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. *Díaz v. Tribunal Superior*, 93 D.P.R. 79 (1966); *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986). Además, la solicitud de relevo tiene que ser presentada dentro de un término razonable, el cual no podrá exceder los seis (6) meses luego del registro de la sentencia. Esto es, la solicitud de relevo hay que presentarla no más tarde de ciento ochenta (180) días de haberse registrado la sentencia. *Rosario Rodríguez v. E.L.A.*, 122 D.P.R. 554, 556 (1988). "El término de [ciento ochenta (180) días] es fatal en su acción extintiva de derecho." *Sánchez Ramos v. Troche Toro*, 111 D.P.R. 155, 157 (1981). Véanse, además: *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 688 (1979); *Srio. del Trabajo v. Tribunal Superior*, 91 D.P.R. 864, 867 (1965).

Al examinar el alcance de la Regla 49.2 de Procedimiento Civil, *supra*, hemos manifestado que pese a su interpretación liberal, ésta no puede entenderse como sustitutiva de los recursos de revisión o reconsideración. *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294, 299 (1989). Utilizar el mecanismo procesal de relevo de senten-

cia para extender indirectamente el término para recurrir en alzada, atentaría contra la estabilidad y certeza de los procedimientos judiciales, interés fundamental de nuestro ordenamiento jurídico. Cónsono con lo anterior, el error como justificación a la concesión del relevo se refiere al de la parte, excluyendo así el error judicial. *Figueroa v. Banco de San Juan*, supra. Véase, además, *Banco Popular v. Tribunal Superior*, 82 D.P.R. 242, 250 (1961).

Una interpretación liberal de la citada Regla 49.2 permite considerar una moción de reconsideración como de relevo de sentencia, aun después de haber transcurrido el término para considerar la reconsideración o aun después de haber advenido final y firme la sentencia, cuando dicha moción cumple con los requisitos establecidos en dicha regla. Abona a esta interpretación el hecho de que una solicitud de relevo no interrumpe el término para recurrir en alzada, por no estar la referida Regla 49.2 incluida entre las mociones que interrumpen el término para solicitar revisión o apelación, conforme a la Regla 53.1(d) de Procedimiento Civil, *supra*, *Pacheco García v. Mercado Peña*, 95 D.P.R. 917, 919 (1968), y puede concederse aun después de que la sentencia haya advenido final y firme. La Regla 49.2 de Procedimiento Civil, *supra*, presta particular atención a situaciones en que se solicita el relevo de una sentencia cuando ya se encuentra pendiente en el tribunal apelativo su apelación o revisión. Dispone que, bajo estas circunstancias, al tribunal apelado o revisado le estará vedado conceder el relevo solicitado, a menos que la parte solicitante previamente obtenga el correspondiente permiso del tribunal apelativo o revisor. El requisito sobre la solicitud de permiso al tribunal apelativo o revisor va dirigido a salvaguardar aspectos jurisdiccionales. Se trata de devolverle, de forma limitada, la jurisdicción al foro de instancia para que entienda en el asunto. Claro está, esto será necesario sólo en la eventualidad de que el tribunal

apelativo o revisor haya adquirido efectivamente jurisdicción.

## III

En el caso de autos, la parte perjudicada por la sentencia desestimatoria presentó de forma oportuna una moción de reconsideración. Ésta, a su vez, fue rechazada de plano por inacción, por lo que el término para recurrir en alzada no se interrumpió. Durante este término, la parte demandante presentó un recurso de revisión ante este Tribunal.

Así las cosas, la falta de notificación a las partes de la presentación del escrito de revisión dentro del término para recurrir el alzada, impidió el perfeccionamiento del recurso. No habiéndose perfeccionado el recurso de revisión conforme a derecho, este Tribunal no adquirió jurisdicción sobre el asunto que habrá de revisarse. Bajo estas circunstancias, a pesar de la presentación del recurso de revisión, el tribunal de instancia no perdió jurisdicción sobre el caso. Esto hace necesario que pasemos a examinar si el tribunal de instancia podía aún considerar la moción de reconsideración. Según hemos señalado, para poder reconsiderar la sentencia desestimatoria, el tribunal tenía que haber actuado antes de que ésta adviniera final y firme. El 29 de junio de 1992 era el último día que tenía el tribunal para considerar la moción de reconsideración. La resolución que dejó sin efecto la sentencia desestimatoria fue dictada el 7 de julio de 1992, con posterioridad a que ésta adviniera final y firme, o sea, después que el tribunal perdió jurisdicción sobre el caso. Esto, sin embargo, no resuelve el problema. Veamos.

El tribunal tenía discreción para considerar la moción presentada como de relevo de sentencia si ésta cualificaba como tal. Analizada la moción de reconsideración a la luz de los requisitos de la Regla 49.2, *supra*, antes enumerados, encontramos que ésta no cualificaba para ser conside-

rada como una moción de relevo de sentencia. Los planteamientos hechos en ella simplemente van dirigidos a señalar supuestos errores cometidos por el tribunal, no errores cometidos por las partes. Lo que se pretende es una revisión sobre la corrección de la sentencia dictada. La parte perjudicada tuvo la oportunidad de solicitar la revisión de la sentencia desestimatoria. La perdió al omitir notificar a las partes dentro del término para presentar el recurso de revisión. Bajo estas circunstancias, el tribunal de instancia no tenía la facultad para dejar sin efecto la sentencia desestimatoria y celebrar la vista en su fondo. Mucho menos podía dictar una sentencia para concluir que no tenía jurisdicción sobre la materia y luego proceder a evaluar los méritos de la demanda. El evaluar los méritos de una controversia en ausencia de jurisidicción sobre la materia constituye un desvío craso de las normas que deben observar los tribunales para actuar válidamente.

Por los fundamentos anteriormente expuestos, *se expide el auto de "certiorari" y se dictará sentencia para revocar la resolución recurrida. Dándose la revisión contra la sentencia, no contra sus fundamentos, por fundamentos distintos a los aducidos por el foro de instancia, se confirma la sentencia emitida en instancia el 23 de febrero de 1995 que fuera apelada al Tribunal de Circuito.*([6]) *Mediante esa sentencia se dejó en vigor la sentencia desestimatoria dictada por el tribunal de instancia el 22 de mayo de 1992.*

---

([6]) Véanse: *Piñeiro v. Int'l Air Serv. of P.R., Inc.*, 140 D.P.R. 343 (1996); *Vélez Rodríguez v. Amaro Cora*, 138 D.P.R. 182 (1995); *Alvarez Figueredo v. González Lamela*, 134 D.P.R. 374 (1993); *Díaz Martínez v. Policía de P.R.*, 134 D.P.R. 144 (1993); *Toledo Maldonado v. Cartagena Ortiz*, 132 D.P.R. 249 (1992); *Asoc. Hoteles y Turismo de P.R. v. E.L.A.*, 131 D.P.R. 814 (1992); *García v. Montero Saldaña*, 107 D.P.R. 319, 331 (1978); *Collado v. E.L.A.*, 98 D.P.R. 111, 114 (1969); *Rodríguez v. Serra*, 90 D.P.R. 776, 777 (1964).