*679 TEXTO COMPLETO DE LA RESOLUCIÓN
Los peticionarios Alex Rivera Fernández y Waleska Cruz Betancourt nos solicitan que revoquemos una orden emitida el 10 de julio de 2008 por la Sala Superior de Ponce del Tribunal de Primera Instancia (T.P.I.). Mediante dicha orden, el T.P.I. declaró sin lugar una moción de relevo de sentencia presentada por los peticionarios.
Por los fundamentos que expresamos a continuación, se deniega la expedición del auto.
I
Del expediente sometido ante nuestra consideración se desprenden los siguientes hechos e incidentes ■ pertinentes.
El Departamento de la Familia presentó una solicitud para la remoción de emergencia de seis menores de edad hijos de los peticionarios, al amparo de la Ley Núm. 177 de 1ro de agosto de 2003, 8 L.P.R.A. sees. 444 et seq, conocida como la Ley para el Bienestar y la Protección Integral de la Niñez. Dicha solicitud se gestionó el 16 de marzo de 2007.
Luego de celebrada la vista para determinar si existían circunstancias que motivaran la remoción de la custodia de emergencia realizada por el Departamento de la Familia, el T.P.I., en Sentencia emitida el 31 de enero de 2008 y notificada el 5 de febrero de 2008, concluyó que el proceso se realizó conforme a derecho. De esta manera permitió que el Departamento retuviera la custodia provisional de los menores y se continuara con las vistas de seguimiento correspondientes a la discusión del plan de servicios entre los peticionarios y los menores.
Inconformes con esta determinación, los peticionarios presentaron una serie de mociones, a saber: una Solicitud de Remedio el 19 de febrero de 2008, una Moción de Reconsideración el 20 de febrero de 2008 y una Moción Solicitando Nuevo Juicio el 27 de febrero de 2008. Todas estas mociones fueron declaradas sin lugar por el T.P.I.
Así el trámite, el 9 de abril de 2008, los peticionarios presentaron un recurso de apelación ante este Tribunal de Apelaciones solicitando la revisión de la Sentencia del 31 de enero de 2008. Cuestionaron dicho dictamen argumentando que las trabajadoras sociales encargadas del caso se valieron de alegaciones falsas para lograr y mantener vigente la remoción de custodia.
En Sentencia emitida por este Foro el 9 de mayo de 2008, se desestimó el recurso por falta de jurisdicción. Concluimos en esa ocasión, que al tratarse de una resolución cuya notificación fue archivada en autos el 5 de febrero de 2008, el recurso debió presentarse dentro de los treinta (30) días siguientes y aunque se presentó una *680 oportuna Moción de Reconsideración, ésta se rechazó de plano por lo que no tuvo el efecto de interrumpir dicho término.
El 5 de julio de 2008, los peticionarios presentaron ante el T.P.I. una Moción Urgente bajo la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2. De una lectura de dicha moción no surge claramente el fundamento bajo el cual los peticionarios alegan que procedía el relevo de la sentencia. En síntesis, argüyeron que las trabajadoras sociales que manejaron el caso fueron negligentes en el cumplimiento de su deber al no llevar a cabo su responsabilidad de investigar y corroborar minuciosamente las alegaciones de maltrato en el caso ante su consideración. Plantearon que éstas cometieron el delito de perjurio y, además, que suscribieron alegaciones falsas y ocultaron al tribunal declaraciones de los menores afirmando que fueron obligados a mentir en contra de sus padres, todo lo cual desembocó en una privación ilegal y fraudulenta de la custodia de sus hijos.
El T.P.I., en orden emitida el 10 de julio de 2008 y notificada el 14 de julio de 2008, declaró sin lugar la moción solicitando el relevo de la sentencia. En desacuerdo con esta denegatoria del T.P.I. es que los peticionarios recurren a este Foro mediante petición de certiorari.
II
Los peticionarios le imputan los siguientes errores al T.P.I.:

“Erró el Tribunal de Primera Instancia, al no considerar las magnas violaciones al derecho Constitucional, crasos abusos, ilegalidades y atropellos ejercidos en contra de los peticionarios, sus hijos y su núcleo familiar.

Erró el Tribunal de Primera Instancia, al dejar de considerar las acciones fraudulentas y contrarias al derecho, que provocaron una remoción ilegal de menores y la separación de un entorno familiar, iniciadas y fundamentadas en procesos antijurídicos, perjurio agravado, magnas violaciones e infracciones a nuestro Código Penal y violaciones a magnos Derechos Civiles y Constitucionales.

Erró el Tribunal de Primera Instancia, al asumir una postura permisiva habiendo desfilado ante sí, actos antijurídicos que resultan contrarios a derecho, a las Leyes, a la moral y el orden público.

Erró el Tribunal de Primera Instancia, en dejar de considerar la protección, el bienestar y el mejor interés de los menores envueltos, ante las magnas violaciones a la propia Ley 177 del 1 de agosto de 2003, por parte del Departamento de Familia.

El Tribunal de Primera Instancia abusó de su discreción, al endosar acciones antijurídicas, contrarias a las Leyes, a la moral y al orden público, en contra de magnos Derechos Civiles, Constitucionales y contrarios a la intención de la política pública de la Ley 177, claramente plasmadas por el legislador.”

De la solicitud para que expidamos el auto y de los errores señalados, se desprende que nos corresponde resolver si los señalamientos de los peticionarios sobre actos delictivos y fraudulentos cometidos por las trabajadoras sociales del Departamento de la Familia que manejaron el caso y que, según ellos alegan, provocaron la remoción ilegal de custodia de los menores, son fundamento suficiente para decretar el relevo de la sentencia dictada.
III
La Regla 49.2 de Procedimiento Civil, supra, dispone lo siguiente:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a 
*681
su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) nulidad de la sentencia;

(5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. ”

Esta regla le brinda la facultad a los tribunales para dejar sin efecto alguna sentencia, orden o procedimiento suyo por causa justificada, basado en la propia razón de ser de los foros judiciales que es hacer justicia. Piazza v. Isla del Río, Inc., 158 D.P.R. 440, 448 (2003); Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445, 449 (1977). Este remedio permite al tribunal hacer un balance entre dos intereses en conflicto. De una parte, que toda litigación sea concluida y tenga finalidad, y de otra parte, que en todo caso se haga justicia. Náter v. Ramos, 162 D.P.R. 616, 624 (2004); Piazza v. Isla del Río, Inc., supra.
Una parte podrá librarse de los efectos de una sentencia si logra demostrar la existencia de una de las seis causales estipuladas en la Regla. De Jesús Viñas v. González Lugo, 170 D.P.R. _ (2007), 2007 J.T.S. 48. Ahora bien, aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2, es una decisión discrecional del tribunal el relevar a una parte de los efectos de una sentencia, salvo que se trate de nulidad o una sentencia que ya ha sido satisfecha. Náter v. Ramos, supra; Southern Construction Co. v. Tribunal Superior, 87 D.P.R. 903 (1963). Por tanto, no basta con establecer uno de los fundamentos que ofrece la Regla 49.2, supra. Hay que persuadir al tribunal de que bajo las circunstancias del caso debe ejercitar su discreción a favor del relevo. Náter v. Ramos, supra.
Nuestro Tribunal Supremo ha tenido la oportunidad de examinar el contenido de esta regla en varias ocasiones. Así, en Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283 (1988), señaló una serie de fundamentos para el ejercicio de la discreción judicial en torno a las mociones de relevo de sentencia, a saber: (1) la existencia de una defensa válida que oponer a la reclamación del peticionario; (2) si la parte adversa a aquella que solicita el relevo sufrirá perjuicio de conceder el tribunal el relevo solicitado; y (3) la diligencia del promovente de la solicitud en la tramitación del caso.
Por otra parte, el Tribunal Supremo ha expresado que aunque una moción de relevo de sentencia debe interpretarse liberalmente a favor del relevo, no puede utilizarse en sustitución de los recursos de apelación o reconsideración. Véanse Pagán Navedo v. Rivera Sierra, 143 D.P.R. 314, 327-328. (1997); Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989), Específicamente, nuestro más Alto Foro ha aclarado que la Regla 49.2, supra, no es llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado una sentencia correctamente dictada. Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974).
Además, el relevo de sentencia no está disponible para corregir errores del Tribunal de Primera Instancia, sino errores cometidos por las partes. Pagán Navedo v. Rivera Sierra, supra; Figueroa v. Banco de San Juan, *682 108 D.P.R. 680, 688 (1979). La moción de relevo de sentencia no puede estar fundamentada en errores de derecho del tribunal de instancia, pues para corregir tales errores están los recursos apelativos. J. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, T.IV, pág. 265 (2005).
En cuanto al fundamento dé fraude, la Regla 49.2, supra, contempla dos tipos: el fraude entre partes, para el cual la moción debe ser presentada dentro del término de seis meses, y el fraude al tribunal, para el cual no existe límite de tiempo alguno. Municipio de Coamo v. Tribunal Superior, 99 D.P.R. 932, 939 (1971).
En Municipio de Coamo, Id., el Tribunal encontró que no constituía fraude al tribunal el hecho de que una parte mintió bajo juramento. Resolver de otra manera en cuanto a testimonio perjuro representaría abrir las puertas impermisiblemente con una avalancha de mociones de relevo, pues siempre en un proceso adversativo existe la posibilidad de un testimonio perjuro o inexacto. J. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, T.II, pág. 793 (2000). Por tanto, se ha resuelto que el fraude al tribunal sólo cubre aquellas situaciones en que la intención es mancillar al tribunal o aquel perpetrado por oficiales del tribunal, de tal forma que la maquinaria judicial no pueda ejercer como de costumbre su imparcial labor de juzgar los casos ante sí. Municipio de Coamo v. Tribunal Superior, supra.
De igual manera, se ha encontrado que constituye fraude al tribunal la presentación de prueba falsa obtenida por la parte adversa por medio del soborno y la instigación al perjurio. Martínez v. Tribunal Superior, 83 D.P.R. 358 (1961).
IV
Estudiados los planteamientos presentados por los peticionarios en su escrito, es nuestra opinión que los hechos de este caso no demuestran las circunstancias extraordinarias y el grave perjuicio requerido para proveer el relevo de la sentencia, al amparo de las disposiciones de la Regla 49.2, supra.
Una moción de relevo de sentencia no sólo exige que el peticionario especifique con claridad bajo qué fundamento solicita al tribunal que la declare con lugar, sino también requiere que persuada al tribunal de tal manera que lo ponga en posición de ejercitar su discreción a favor del relevo. De Jesús Viñas v. González Lugo, supra; Náter v. Ramos, supra.
En el presente caso no surge de la solicitud de relevo de sentencia presentada por los peticionarios ante el T. P.I. el fundamento específico por el que la solicitan. En síntesis, éstos alegan que la sentencia del T.P.I., resolviendo que la remoción de custodia de emergencia se realizó conforme a derecho, fue el resultado de omisiones y alegaciones falsas y fraudulentas de parte de las trabajadoras sociales que manejaron el caso.
Los planteamientos de los peticionarios están basados en la credibilidad del testimonio de las trabajadoras sociales, en la manera en éstas manejaron su caso y en la apreciación de prueba del foro recurrido. Sin embargo, el T.P.I. tuvo la oportunidad de examinar a los testigos que presentaron las partes y dirimió la credibilidad que le mereció a cada uno. La determinación de relevar o no a una parte de los efectos de una sentencia u orden está sostenida en la sana discreción del juez que es quien debe aquilatar la justificación dada para ello. Náter v. Ramos, supra. El T.P.I., en el ejercicio de su discreción, concluyó que no procedía relevar a los peticionarios de la sentencia emitida.
Los peticionarios tuvieron su día en corte e hicieron el uso máximo de los recursos de revisión a su disposición. No podemos pasar por alto que, además de presentar mociones de reconsideración y nuevo juicio, los peticionarios acudieron a este Tribunal de Apelaciones mediante un recurso de apelación impugnando la referida sentencia. Era esa la oportunidad que tenían para realizar todos los planteamientos sobre la apreciación de la prueba y errores de derecho del T.P.I. que entendían pertinentes. Sin embargo, este Foro desestimó el recurso por falta de jurisdicción al presentarse fuera del término conferido por ley para ello. Los peticionarios *683 no pueden pretender utilizar el mecanismo de relevo de sentencia para impugnar asuntos que debieron ser parte del recurso apelativo y de esta manera reabrir un asunto ya adjudicado. Pagán Navedo v. Rivera Sierra, supra; Ríos v. Tribunal Superior, supra.
Los peticionarios implican que se cometió fraude al tribunal mediante alegaciones y testimonios falsos constitutivos del delito de perjurio. Alegan que debido a estas actuaciones indebidas de las trabajadoras sociales del Departamento de la Familia se les removió ilegalmente la custodia de los menores y posteriormente se indujo al T.P.I. a validar la remoción de emergencia como una conforme a derecho, por lo que procede el relevo de la referida Sentencia. No podemos darle la razón. El perjurio cometido por un testigo de por sí no es constitutivo de fraude al tribunal bajo la Regla 49.2 de Procedimiento Civil. El fundamento de fraude al tribunal requiere una intención específica de mancillar al tribunal de manera que no pueda juzgar los casos de manera imparcial. Municipio de Coamo v. Tribunal Superior, supra; Martínez v. Tribunal Superior, supra.
El T.P.I. determinó, luego de desfilada la prueba, que la remoción se realizó conforme a derecho. En vista de que los peticionarios acudieron tardíamente a revisar la sentencia emitida el 31 de enero de 2008, procede que continúen con los procedimientos establecidos por el Departamento de la Familia para lograr la reunificación familiar. No es el relevo de sentencia el mecanismo adecuado para plantear errores alegadamente cometidos por el T.P.I en la apreciación de la prueba, sobre todo cuando se trata de una sentencia final y firme.
Por tanto, es nuestro criterio que no erró el foro de instancia al declarar sin lugar la solicitud de relevo de sentencia.
V
Por los fundamentos expresados, se deniega la expedición del auto de certiorari solicitado.
Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones