ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EC WASTE, LLC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>Recurrido | KLRA202300546 | *Revisión Administrativa* Procedente de la Junta de Subastas del Municipio Autónomo de Guaynabo<br><br>Subasta Núm.: 23-RFP-003<br><br>Sobre: Revisión de Subasta de Servicios de la Operación de Trasbordo, Acarreo y Disposición Final de Desperdicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 15 de noviembre de 2023.

EC Waste LLC. (Recurrente o EC Waste), presentó ante nosotros un *Recurso de Revisión Administrativa* el 20 de octubre de 2023, mediante el cual nos solicita que revoquemos la *Notificación de Adjudicación* emitida por la Junta de Subastas del Municipio Autónomo de Guaynabo (Municipio) el 6 de octubre de 2023.

El Municipio compareció, conforme ordenado por Resolución del pasado 24 de octubre de 2023 y expuestas sus razones, nos solicita que desestimemos este recurso. Veamos.

### I.

La Junta de Subastas del Municipio publicó en un periódico de circulación general el Aviso de Solicitud de Propuestas (23-RFP-

003) en el que solicitó propuestas para los servicios de la operación de trasbordo, acarreo y disposición final de desperdicios sólidos municipales (Aviso de Solicitud).[1] El 10 de mayo de 2023, EC Waste presentó su Propuesta de Servicios para la consideración del Comité Evaluador de solicitud Propuestas. En esa misma fecha, Consolidated Waste Services LLC (Conwaste) también presentó su Propuesta de Servicios para la consideración del Comité Evaluador.

Sometidas las propuestas y evaluadas en su totalidad, el Comité Evaluador emitió un documento el 20 de agosto de 2023 intitulado *Evaluación y Recomendación para Adjudicación Solicitud de Propuesta 23-RFP-003 Servicios de la Operación de Trasbordo, Acarreo y Disposición Final de Desperdicios Sólidos Municipales, Guaynabo PR*.[2] En apretada síntesis, el Comité Evaluador expuso que la adjudicación de la buena pro dependía, primordialmente, de la capacidad de cada operador para manejar desperdicios privaos a través de la Estación de Trasbordo y los recursos necesarios para la operación de la Estación de Trasbordo.

Concluyó el Comité Evaluador que los precios presentados por Conwaste eran más asequibles que aquellos presentados por EC Waste.[3] Concluyó, además, que Conwaste era el licitador con la propuesta más beneficiosa en términos económicos y por contar con empresas afiliadas que garantizaban una adecuada operación de la Estación de Trasbordo. De manera que, el Comité Evaluador recomendó se le adjudicara la buena pro a Conwaste.

---

[1] Apéndice *Solicitud de recurso de revisión*, pág. 1.
[2] Apéndice *Solicitud de recurso de revisión*, págs. 325-331.
[3] Apéndice *Solicitud de recurso de revisión*, pág. 329.

Así las cosas, el 6 de octubre de 2023, la Junta de Subastas del Municipio de Guaynabo emitió una *Notificación de Adjudicación de Solicitud de Propuesta a: Consolidated Waste Services LLC*.

Inconforme con la determinación de la Junta de Subastas del Municipio la Recurrente radicó el presente recurso e imputó la comisión de los siguientes errores:

> Erró y abusó de su discreción la Junta de Subastas del Municipio Autónomo de Guaynabo al aceptar la propuesta sometida por CWS, a pesar de que este no fue un licitador responsivo al incumplir con los requisitos mínimos de la solicitud de propuestas.

> Erró la Junta de Subastas del Municipio Autónomo de Guaynabo al adjudicar la buena pro del 23-RFP-003 a CWS, a pesar de que no es el mejor postor que representa el mejor interés público.

> Erró la Junta de Subastas del Municipio Autónomo de Guaynabo al adjudicar la buena pro del 23-RFP-003 a CWS aparándose en una evaluación arbitraria y caprichosa.

El 10 de noviembre de 2023, compareció el Municipio mediante *Moción en Cumplimiento de Orden y Solicitando la Desestimación por Falta de Jurisdicción*. En síntesis, expone que luego de emitir la *Notificación de Adjudicación*, el Municipio encontró necesario reevaluar las especificaciones establecidas en la Aviso de Solicitud a los fines de evaluar otras operaciones de manejo de desperdicios no contempladas en el aviso.

A tenor con esta determinación, el Municipio canceló la Solicitud de Propuestas 23-RFP-003. El 9 de noviembre de 2023, el Municipio emitió una resolución mediante la cual notificó la cancelación de la Solicitud de Propuestas 23-RFP-003 a EC Waste y a Conwaste.[4] Debido a que el Municipio canceló la solicitud, este nos solicita que desestimemos el recurso por tornarse académica la revisión del recurso ante nuestra consideración.

---

[4] Anejo 1 de Moción en Cumplimiento.

Con el beneficio de la comparecencia de todas las partes, procedemos a exponer la normativa jurídica aplicable al recurso de autos.

**II.**

**A.**

El primer factor por considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019). Es norma establecida que los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción y que carecen de discreción para asumir jurisdicción allí donde no la tienen. Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Peerless Oil v. Hnos. Torres Pérez, Inc., 186 DPR 239 (2012); SLG Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007).

Las mociones relacionadas a la jurisdicción de un tribunal deben resolverse con preferencia a cualesquiera otras. Pérez Rosa v. Morales Rosado, 172 DPR 216, 222 (2007). Por lo tanto, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar. Cruz Parrilla v. Dpto. Vivienda, 184 DPR 393, 403 (2012); García v. Hormigonera Mayagüezana, 172 DPR 1, 7 (2007).

A tales efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B 83(C), dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso bajo el fundamento de falta de jurisdicción del Tribunal de Apelaciones. De igual forma, la Regla 83(C) dispone que este Tribunal puede desestimar un recurso de apelación, a iniciativa

propia, por cualquiera de los motivos enlistados en el inciso (B) de la regla. 4 LPRA Ap. XXII-B 83(C).

Cuando un tribunal carece de jurisdicción, no queda más sino que así declararlo. Pagán v. Alcalde Mun. De Cataño, 143 DPR 314, 326 (1997). Al así hacerlo, debe desestimarse la reclamación sin entrar en los méritos de la cuestión ante sí. *Id*. De lo contrario, si un tribunal emite un dictamen sin tener jurisdicción, su determinación es jurídicamente inexistente o *ultra vires*. Cordero et al. v. ARPe et al., 187 DPR 445 (2012).

**B.**

La jurisdicción de los tribunales se encuentra circunscrita a casos justiciables y entre las doctrinas que han emergido dentro de los lindes de justiciabilidad se encuentra la academicidad. IG Builders et al. v. BBVAPR, 185 DPR 307, 334 (2012). Una controversia no se considera justiciable cuando, entre otros requisitos, hechos posteriores al comienzo del pleito han tornado la controversia en académica. Super Asphalt v. AFI y otros, 206 DPR 803 (2021); Bhatia Gautier v. Gobernador, 199 DPR 59, 68-69 (2017), citando a Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932 (2011) y a Noriega v. Hernández Colón, 135 DPR 406, 421-422 (1994).

Por lo que, una controversia que en sus inicios era justiciable se convierte en académica cuando "los cambios fácticos o judiciales acaecidos durante el trámite judicial de una controversia, tornan en académica o ficticia su solución". Super Asphalt v. AFI y otros, *supra*; Amador Roberts v. ELA, 191 DPR 268, 283 (2014). Un caso se torna académico cuando ocurren cambios en su trámite, ya sea en los hechos o en el derecho, que convierten la controversia en una inexistente, de manera tal que el dictamen que tuviera a bien emitir el tribunal no surtiría efecto

alguno sobre las partes. Bhatia Gautier v. Gobernador, *supra*; IG Builders et al. v. BBVAPR, *supra*.

Esto responde a la norma reiterada de que "*los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas*". ELA v. Aguayo, 80 DPR 552, 558-559 (1958). Por lo tanto, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, cuando un tribunal determine que un caso es académico, su deber es abstenerse de considerar los méritos de ese caso. Super Asphalt v. AFI y otros, *supra*; CEE v. Dpto. de Estado, 134 DPR 927, 936 (1993).

### III.

EC Waste acudió ante este foro y nos solicitó que revocáramos la *Notificación de Adjudicación* emitida por la Junta de Subastas del Municipio del 6 de octubre de 2023. Alega la Recurrente que la Junta adjudicó la buena pro a Conwaste de manera caprichosa y arbitraria, en menosprecio al debido proceso de ley y con muestras de favoritismo. Sin embargo, el Municipio compareció y notificó a este Tribunal que la Solicitud de Propuestas 23-RFP-003 quedó cancelada luego de que el Municipio reconsiderara la misma.

De manera que, el Municipio revocó el procedimiento de subasta que dio génesis a este recurso de revisión. Ante este cuadro, la adjudicación de la buena pro a Conwaste no subsistió. Por lo tanto, EC Waste no tiene una controversia justiciable. En efecto, el recurso ante nuestra consideración se tornó académico.

Ante este cuadro, nos vemos en la obligación de desestimar el recurso por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones