ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MAICO PROPERTIES, LLC.<br><br>Parte Recurrida<br><br>v.<br><br>ROSA IVETTE RODRÍGUEZ PINTO, NILDA RODRÍGUEZ RAMÍREZ, JULIO PÉREZ RODRÍGUEZ, **VÍCTOR PÉREZ RODRÍGUEZ**<br><br>Parte Peticionaria | KLAN202400929 | *Apelación acogida como Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2020CV00655<br><br>Sala: 506<br><br>Sobre: División de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de octubre de 2024.

**I.**

El 16 de octubre de 2024, compareció ante este Tribunal la parte peticionaria, Sr. Víctor Pérez Rodríguez (en adelante, "señor Pérez Rodríguez" o "Peticionario"), mediante un mal denominado recurso de apelación, el cual acogimos como un auto de *certiorari*. Por vía del mismo, el Peticionario solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), el 9 de septiembre de 2024, notificada y archivada en autos al día siguiente.

Luego de examinar el expediente que nos ocupa, el 17 de octubre de 2024, emitimos *Resolución* a través de la cual le concedimos al señor Pérez Rodríguez un término para que expusiera las razones por las cuales no debíamos desestimar el recurso, por haberse presentado fuera del término de cumplimiento de estricto de treinta (30) días que establece el Reglamento del Tribunal de Apelaciones.

Ha transcurrido en exceso del plazo concedido sin que el Peticionario expusiera razones justificadas para su dilación en la

Número Identificador
RES2024_____

presentación del recurso o que solicitara prórroga a esos efectos. En vista de lo anterior, procedemos a resolver.

**II.**

**A.**

La Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo

así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Torres Alvarado v. Madera Atiles, 202 DPR 495, 501 (2019).

De otra parte, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones establece que el recurso de *certiorari* mediante el cual se solicita la revisión de una orden o resolución emitida por el Tribunal de Primera Instancia se formalizará con la presentación de dicha solicitud "dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento de estricto". 4 LPRA Ap. XXII-B, R. 32 (D).

**III.**

Conforme hemos adelantado, el recurso ante nuestra consideración fue presentado el 16 de octubre de 2024. Sin embargo, la *Resolución* recurrida fue emitida el 9 de septiembre de 2024 y notificada **10 de septiembre de 2024**. Relativo a lo anterior, luego de examinar el expediente electrónico ante el TPI, notamos que el Peticionario no solicitó reconsideración de dicho dictamen. Por tanto, de conformidad con la Regla 32 (D) del Reglamento de este Tribunal, el señor Pérez Rodríguez tenía hasta el 10 de octubre de 2024 para presentar el recurso que nos ocupa.

Es decir, el Peticionario acudió ante nos fuera del término de cumplimiento estricto de treinta (30) días que dispone nuestro ordenamiento jurídico para presentar este tipo de recurso. Debido a que del recurso ante nos, no se aduce razón alguna constitutiva de justa causa para la dilación en su presentación, procede la desestimación del mismo por falta de jurisdicción.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *desestima* el recurso de epígrafe, por haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones