Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Ricardo Hernández Rossy<br><br>Demandante-Recurrido<br><br>vs.<br><br>Bridge Security Services, Inc.; Universidad de Puerto Rico, compañías Aseguradoras A, B, y C; Personas X, Y y Z<br><br>Demandados<br><br>Universidad de Puerto Rico<br><br>Peticionaria | KLCE202301384 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2020CV03447 (505)<br><br>Sobre: Discrimen; Represalias; Salarios; Difamación; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece la parte peticionaria Universidad de Puerto Rico (en adelante "UPR" o "parte peticionaria") para solicitarnos que se revisen y dejen sin efecto dos dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 17 de octubre de 2023 y el 8 de noviembre de igual año, respectivamente. Mediante dichos dictámenes, se declara No Ha Lugar a las solicitudes para extender la fecha límite de descubrimiento de prueba y el término para presentar una moción de sentencia sumaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se

Número Identificador

SEN2023 _____

desestima el recurso mediante los fundamentos que expondremos a continuación.

## I.

La controversia ante nuestra consideración comenzó el 2 de noviembre de 2020, cuando el Sr. Ricardo Hernández Rossy (en adelante, "Sr. Hernández Rossy" o "parte recurrida") presentó una Demanda en contra de la UPR y Bridge Security Services (en adelante, "Bridge") sobre daños y perjuicios, discrimen, represalias y salarios. En su demanda manifestó que, en junio de 2018, comenzó a trabajar como guardia de seguridad de Bridge, específicamente en la UPR, Recinto de Bayamón. Indicó que, su supervisor le requirió que se removiera el color negro de sus uñas y que el 11 de octubre de 2020, le ordenaron retirarse de su puesto por no haberlo hecho.

Posteriormente, Bridge le expresó que tenía tres opciones a elegir: (1) trabajar en Pueblo de Isla Verde (2) trabajar en UPR Bayamón si se quita el color de las uñas (3) o trabajar en UPR Río Piedras si se hace la prueba del COVID-19. En su escrito, manifestó que, accedió a removerse el esmalte de las uñas por su necesidad de ganarse el sustento. Añadió que los actos de la parte peticionaria le causaron daños y angustias mentales.

Así las cosas, el 16 de noviembre de 2020, Bridge presentó su Contestación a la Demanda. Alegó que, el Sr. Hernández Rossy no es empleado regular de la UPR y que seguir el Código de Vestimenta de la UPR, es una condición esencial para todos los empleados de Bridge asignados a trabajar en dicha institución. El 7 de enero de 2021, UPR solicitó la desestimación del pleito y la conversión de la controversia al trámite ordinario. Esbozó que, entre el Sr. Hernández Rossy y la UPR no existe una relación de empleo, por lo que las reclamaciones laborales no pueden ser sustentadas. El 1 de julio de 2022, el Foro Primario declaró Ha

Lugar la solicitud de desestimación en cuanto a la causa de acción de discrimen y ordenó la conversión del caso al procedimiento ordinario para las restantes causas de acción. Posteriormente, el 16 de agosto de 2022, las partes presentaron su Informe del Manejo del Caso. En dicho informe, la UPR indicó que una vez recibiera las contestaciones al interrogatorio, determinaría si realizaría deposiciones.

Luego de varios trámites procesales, el 16 de octubre de 2023, la UPR presentó Moción para que se Convierta Conferencia con Antelación al Juicio en Vista de Estado de los Procedimientos. Al día siguiente, la parte recurrida presentó su oposición. El 17 de octubre de 2023, el Tribunal de Primera Instancia declaró No Ha Lugar a la conversión del señalamiento. Enunció que, el descubrimiento de prueba debió haber concluido el 29 de septiembre de 2023 y que no se solicitó oportunamente una extensión de dicho término. También expresó que, el Informe Preliminar entre Abogados debe ser presentado en o antes del 20 de octubre de 2023. El 24 de octubre de 2023, la parte peticionaria solicitó Reconsideración, la cual fue declarada No Ha Lugar.

El 7 de noviembre de 2023, las partes presentaron el Informe Preliminar entre Abogados. Al día siguiente, se celebró la Vista de Conferencia con Antelación a Juicio. Surge de la Minuta que, el Tribunal de Primera Instancia declaró No Ha Lugar a la solicitud presentada por la UPR, para que se le conceda un término para radicar una moción de sentencia sumaria.

Inconforme con lo anteriormente resuelto, la parte peticionaria acudió a este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> *Primero: Erró el TPI e incurrió en abuso de discreción al denegar la extensión del descubrimiento de prueba, al*

*no analizar la totalidad de las circunstancias, y fijarse solamente en el momento en que fue solicitada.*

*Segundo: Erró el TPI e incurrió en abuso de discreción al denegar la presentación de Moción de Sentencia Sumaria, por haber transcurrido el término para presentar las mismas, sin indicar ni sopesar el hecho de que la presentación de la misma no interrumpiría el calendario del caso.*

**II.**

**A.**

La jurisdicción se refiere a la facultad que tiene un tribunal o un foro administrativo para examinar y resolver una disputa o caso específico. *Pérez López y Otros v. CFSE*, 189 DPR 877, 882 (2013). La ausencia de jurisdicción conlleva las siguientes consecuencias: (1) no se puede subsanar, (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela, (3) conlleva la nulidad de los dictámenes, (4) obliga a los tribunales a examinar su propia jurisdicción, (5) obliga a los tribunales apelativos a revisar la jurisdicción del tribunal del cual proviene el recurso, y (6) puede presentarse en cualquier fase del proceso, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997).

Cónsono con lo anterior, nuestro Máximo Foro ha expresado que los tribunales deben ser vigilantes defensores de su jurisdicción y tienen la responsabilidad intransferible de examinarla, incluso cuando no se haya planteado previamente. *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por lo tanto, si tras examinar la cuestión, un tribunal determina que no tiene competencia sobre un recurso, su única potestas es declararlo de ese modo. *Cordero et al. v. ARPe et al., supra,* a la pág. 458. Esto se debe, a que los tribunales no tienen la facultad discrecional de asumir jurisdicción en áreas donde no les corresponde.

*Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011). Cuando este Tribunal no cuenta con jurisdicción, se debe desestimar de inmediato el recurso de apelación según establecido por las leyes y reglamentos para la adecuada tramitación de estos recursos. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 884 (2007).

De igual manera, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone lo siguiente:

> *[..] (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción** […] (Énfasis Nuestro.)

**B.**

La Regla 32(D) del Reglamento del Tribunal de Apelaciones, *supra,* establece que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias del Foro Primario, se formalizará mediante la presentación de una solicitud dentro de los 30 días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. Por otra parte, como regla general, para que el Tribunal de Apelaciones pueda revisar una decisión del Tribunal de Primera Instancia debe acompañar copia del documento que recoge la decisión y que dicho documento esté firmado por el juez que emitió dicha decisión. *Pueblo v. Ríos Nieves,* 209 DPR 264, 275 (2022).

Siguiendo esa línea, la Regla 32 (b) de las Reglas para Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, regula lo concerniente a las ordenes o resoluciones contenidas en minutas. En lo que respecta, dicha norma dispone lo que sigue:

> *[…] La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara […]*

*[…] La minuta no será notificada a las partes o a sus abogados,* **salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.** *La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda. (Énfasis y subrayado nuestro). […] (*Énfasis Suplido.)

Así pues, la precitada Regla exige que, si la minuta contiene una resolución u orden emitida por el juez o jueza en corte abierta, deberá ser firmada por el juez o jueza que emitió el dictamen. *Pueblo v. Ríos Nieves, supra,* a la pág. 266. Al respecto, el Máximo Foro ha manifestado que esta Regla le impone un requisito de forma para que se le imprima validez y certeza a esa decisión. *Id.,* a la pág. 267. Esto implica que, para que la orden o resolución incluida en una minuta sea legitima y efectiva, es necesario que este firmada. *Id.* Por consiguiente, la facultad revisora del Tribunal de Apelaciones se sustenta en determinaciones emitidas y suscritas por los jueces que las dictaminan, no en la interpretación o apreciación de otros funcionarios del tribunal. *Id.,* a la pág. 280. De no ser así, el foro revisor estaría examinando un documento sin la certeza de que el dictamen recurrido fue en efecto el dictado por el juez o la jueza que presidió el caso. *Id.,* a la pág. 281.

**III.**

En el presente caso, la parte peticionaria solicitó la revocación de una determinación emitida en corte abierta la cual fue recogida en una Minuta transcrita el 8 de noviembre de 2023. La UPR alega que, el Tribunal de Primera Instancia erró al: (1) denegar la extensión del descubrimiento de prueba, (2) no analizar la totalidad de las circunstancias y (3) denegar la presentación de moción de sentencia sumaria por haber transcurrido el término para presentar las mismas, sin indicar ni sopesar el hecho de que la presentación de ésta no interrumpía el calendario del caso. Ahora bien, como señalamos anteriormente, los tribunales

tenemos la indelegable responsabilidad de auscultar nuestra propia jurisdicción, aun cuando dicho asunto no se haya planteado. De esta manera, al analizar el expediente y la Minuta en disputa, observamos que no contamos con jurisdicción para atender el recurso debido a su presentación tardía. Veamos por qué.

Cónsono con el derecho antes discutido, las **minutas que contengan una resolución u orden emitida por un juez o jueza deben estar firmadas por el juez o jueza** que realizó dicha determinación. *Pueblo v. Ríos Nieves, supra*, a la pág. 266. Asimismo, la petición para solicitar un recurso de *certiorari* debe ser presentada dentro de los 30 días siguientes a la fecha del archivo en autos de copia de la resolución recurrida. Regla 32(D) del Reglamento del Tribunal de Apelaciones, *supra.* Así pues, un recurso tardío priva de jurisdicción al tribunal al cual se recurre. *S.L.G. Szendrey-Ramos v. F. Castillo, supra*, pág. 883; *Juliá et al. v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Surge del expediente de nuestro caso que, la Minuta de la Vista de Conferencia con Antelación a Juicio fue emitida el 8 de noviembre de 2023. Dicho documento no fue firmado por la jueza que presidió la sala. Por otra parte, el recurso de *certiorari* presentado ante nos, fue instado el 7 de diciembre de 2023. Dado a que la Minuta no fue firmada, la Resolución acogida en dicho escrito no tiene legitimidad ni eficacia. Por consecuente, nos vemos imposibilitados de considerar el recurso debido a la ausencia de jurisdicción.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de esta Sentencia, desestimamos el recurso de *Certiorari* solicitado por la Universidad de Puerto Rico por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones