Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Puerto Rico International Insurers Association<br><br>Recurrente<br><br><br>vs.<br><br><br>Comisionado de Seguros de Puerto Rico<br><br>Recurrido | KLRA202300618 | **REVISIÓN ADMINISTRATIVA** procedente de la Oficina del Comisionado de Seguros de Puerto Rico<br><br>Caso Núm.: OE-2023-50<br><br>Sobre: Impugnación de Carta Circular Núm. CC-2022-2007-ARI, emitida por el Comisionado de Seguros de P.R. |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de enero de 2024.

Comparece ante nos, Puerto Rico International Insurers Association (PRIIA o parte recurrente) para solicitarnos que se revoque la "Resolución" emitida y notificada el 3 de noviembre de 2023, por el Comisionado de Seguros de Puerto Rico (Comisionado de Seguros o recurrido). Mediante dicha determinación, el Comisionado de Seguros declaró Ha Lugar la "Solicitud de Desestimación" presentada por el recurrido.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 7 de diciembre de 2022, el Comisionado de Seguros emitió la Carta Circular Núm. CC-2022-2006-ARI (en adelante, Carta

Número Identificador

SEN2024 _____

Circular), dirigida a todos los asegurados, aseguradores y reaseguradores de líneas excedentes internacionales que poseen certificados de autoridad bajo el Capítulo 61 del Código de Seguros de Puerto Rico. Dicha Carta Circular expresa lo siguiente:

> *[...] Se recalca que cualquier asegurador organizado bajo las leyes de Puerto Rico e interesado en realizar negocio de seguro en otro estado o territorio de los Estados Unidos acreditado por la NAIC, deberá cumplir con los procesos y requisitos bajo el Capítulo 3, 28 y 29 del Código de Seguros de Puerto Rico, como un asegurador doméstico tradicional. [...]*

Posteriormente, el 5 de septiembre de 2023, PRIIA presentó una petición ante la Oficina del Comisionado de Seguros y, en esencia, impugnó la Carta Circular porque: (1) contraviene los Arts. 61.030 y 61.020 del Código de Seguros, (2) es contraria a la Regla 80 del Reglamento del Código de Seguros de Puerto Rico, (3) pretende implantar enmiendas propuestas que fueron descartadas en el proceso de enmienda a dicha Regla en el 2020, y (4) constituye una norma de aplicación general que no siguió el debido procedimiento de ley. Sobre este último punto, sostuvo que la Carta Circular constituye una regla legislativa que fue adoptada en violación a la Ley de Procedimiento Administrativo Uniforme (LPAU), toda vez que no se cumplió con el procedimiento formal de reglamentación.

Así las cosas, el 20 de septiembre de 2023, el Comisionado de Seguros presentó una "Solicitud de Desestimación" y, en síntesis, argumentó que la Oficina del Comisionado de Seguros carece de jurisdicción para atender la controversia. Lo anterior, debido a que, por tratarse de una impugnación de su faz, la petición de la PRIIA debió presentarse ante el Tribunal de Apelaciones.

Luego de varios trámites procesales, el 3 de noviembre de 2023, la Oficina del Comisionado de Seguros emitió una "Resolución" mediante la cual declaró Ha Lugar la "Solicitud de

Desestimación" presentada por el recurrido. Concluyó que carecía de jurisdicción para atender la controversia, aun cuando la Carta Circular pudiese considerarse un documento guía. Determinó que, para impugnar un documento guía, es necesario comenzar un procedimiento adjudicativo ante la Oficina del Comisionado de Seguros. Por no haberse iniciado este proceso, determinó que la controversia no estaría madura. Por otro lado, añadió que, si la mencionada Carta fuese una regla o reglamento, esta debía impugnarse ante el Tribunal de Apelaciones.

Inconforme, la PRIIA recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

A. *Erró el Comisionado al desestimar la petición por alegada falta de jurisdicción.*

B. *Erró el Comisionado al no dejar sin efecto la carta circular.*

## II.

### -A-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que se solicite la desestimación de una causa de acción, si de las alegaciones planteadas surge claramente que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020).

La precitada regla dispone lo siguiente:

*Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:* **(1) falta de jurisdicción sobre la materia;** *(2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.* (Énfasis Nuestro).

La jurisdicción se refiere a la facultad que tiene un tribunal o un foro administrativo para examinar y resolver una disputa o

caso específico. *Pérez López y Otros v. CFSE,* 189 DPR 877, 882 (2013). La ausencia de jurisdicción conlleva las siguientes consecuencias: (1) no se puede subsanar, (2) las partes no pueden voluntariamente conferírsela a un foro, como tampoco puede este arrogársela, (3) conlleva la nulidad de los dictámenes, (4) obliga a los tribunales y a las agencias administrativas a examinar su propia jurisdicción, (5) obliga a los tribunales apelativos a revisar la jurisdicción del tribunal del cual proviene el recurso, y (6) puede presentarse en cualquier fase del proceso, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997).

Cónsono con lo anterior, nuestro Máximo Foro ha expresado que, los foros adjudicativos deben ser vigilantes defensores de su jurisdicción y tienen la responsabilidad intransferible de examinarla, incluso cuando no se haya planteado previamente. *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por lo tanto, si tras examinar la cuestión, un tribunal o foro administrativo determina que no tiene competencia sobre un recurso, su única potestad es declararlo de ese modo. *Cordero et al. v. ARPe et al., supra,* a la pág. 458. Esto se debe a que éstos no poseen la facultad discrecional de asumir jurisdicción en áreas donde no les corresponde. *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011).

**-B-**

En nuestro ordenamiento, las agencias administrativas pueden aprobar reglas y reglamentos, siempre y cuando se les haya facultado para ello. *Sierra Club et al. v. Jta. Planificación,* 203 DPR 596, 605 (2019). Como parte de este poder cuasilegislativo, los organismos administrativos pueden formular dos tipos de

reglas: (1) legislativas y (2) no legislativas. *Íd.* Una regla legislativa es aquella que "crea derechos, impone obligaciones y establece un patrón de conducta que tiene fuerza de ley". *Mun. de San Juan v. J.C.A.,* 152 DPR 673, 692 (2000). Por su parte, las reglas no legislativas "constituyen pronunciamientos administrativos que no alteran los derechos ni las obligaciones de los individuos". *Mun. de Toa Baja v. D.R.N.A.,* 185 DPR 684, 696 (2012).

Las reglas legislativas deben cumplir con un procedimiento formal para su aprobación, revocación o enmienda. *Sierra Club et al. v. Jta. Planificación, supra,* a la pág. 605. En esencia, el procedimiento a seguir es el siguiente: (1) notificar al público sobre la reglamentación que se aprobará; (2) proveer oportunidad para la participación ciudadana, incluyendo vistas públicas cuando sea requerido; (3) presentar la reglamentación ante el Departamento de Estado para su aprobación, y (4) publicar la reglamentación aprobada. Véase, Secs. 2.1, 2.2, 2.3, 2.8 y 2.11 de la LPAU, 3 LPRA secs. 9611-9613, 9618 y 9621. En cambio, las reglas no legislativas quedan excluidas del cumplimiento específico de este procedimiento. *Sierra Club et al. v. Jta. Planificación, supra,* a la pág. 605. Por ende, pueden aprobarse, revocarse o enmendarse sin la necesidad de llevar a cabo trámite ulterior.

En lo que nos concierne, la Sección 1.3 de la LPAU, 3 LPRA sec. 9603, define el término de "regla o reglamento" como "cualquier norma o conjunto de normas de una agencia que sea de aplicación general, que ejecute o interprete la política pública o ley o que regule los procedimientos o prácticas de una agencia que tenga fuerza de ley". De forma expresa, la precitada disposición excluye del término "regla o reglamento" los siguientes: (1) reglas relacionadas con la administración interna de la agencia, (2) documento guías, (3) órdenes de precios del DACo y otros decretos

u órdenes similares que se emitan por otras agencias, y (4) formas y sus instrucciones. *Íd.*

Por otro lado, un documento guía es definido como aquél "documento físico o electrónico de aplicabilidad general desarrollado por una agencia, que carece de fuerza de ley pero expresa la interpretación de la agencia sobre alguna legislación, la política pública de la agencia o que describe cómo y cuándo la agencia ejercerá sus funciones discrecionales". *Íd.*

En cuanto al procedimiento para impugnar las reglas legislativas, la Sección 2.7 (b) de la LPAU, 3 LPRA sec. 9617, dispone que:

> *(b)* ***Cualquier acción para impugnar la validez de su faz de una regla o reglamento*** *por el incumplimiento de las disposiciones de esta Ley* ***deberá iniciarse en el Tribunal de Apelaciones dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento****. La competencia sobre la acción corresponderá a la región judicial donde esté ubicado el domicilio del recurrente.*

(Énfasis Suplido).

En otras palabras, para cuestionar la validez y legitimidad de una regla legislativa por incumplimiento con el procedimiento formal para su aprobación, se debe recurrir ante este Tribunal de Apelaciones, dentro del término de 30 días a partir de la promulgación de la regla.

### III.

En el caso ante nuestra consideración, PRIIA solicita que revoquemos la "Resolución" emitida por la Oficina del Comisionado de Seguros, mediante la cual se declaró Ha Lugar la "Solicitud de Desestimación" presentada por el recurrido. Por estar íntimamente relacionados, se discutirán de manera conjunta los errores señalados.

En su escrito, PRIIA argumenta que la Oficina del Comisionado de Seguros posee jurisdicción para atender su petición. No le asiste la razón.

Según el derecho discutido en el acápite anterior, una regla legislativa es aquella que tiene fuerza de ley, y no existe discreción para repudiarla. Tras un examen detenido de la Carta Circular, no albergamos duda de que nos encontramos ante una regla legislativa, toda vez que impone, con fuerza de ley, obligaciones adicionales a los aseguradores internacionales.

No obstante, la Sección 2.7 (b) de la LPAU, *supra*, es clara al disponer que, para impugnar la validez de su faz de una regla, el procedimiento "deberá iniciarse en el Tribunal de Apelaciones dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento".

La contención de la parte recurrente es que, al aprobarse la Carta Circular, se incumplió con el procedimiento formal de reglamentación. Específicamente, porque no se presentó ante el Departamento de Estado. Sin duda, se trata de una impugnación de su faz, sujeta a lo dispuesto en la la Sección 2.7 (b) de la LPAU, *supra*.

Siendo esto así, PRIIA debió impugnar la validez de la Carta Circular ante este Tribunal de Apelaciones. Sin embargo, la parte recurrente presentó su reclamo ante la Oficina del Comisionado de Seguros. Así pues, tratándose de una regla legislativa, concluimos que la Oficina del Comisionado de Seguros carece de jurisdicción para atender la impugnación de la Carta Circular. Corresponde a PRIIA presentar la acción de nulidad ante este Foro Apelativo.

**IV.**

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Sentencia, confirmamos la "Resolución" emitida por la Oficina del Comisionado de Seguros de Puerto Rico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones