Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| CARMEN VYRIA RAMÍREZ ALVARADO T/C/C CARLA GONZÁLEZ<br><br>Apelante<br><br>v.<br><br>TRIPLE S MANAGEMENT CORPORATION, MUNICIPIO DE SAN JUAN; OPTIMA SEGUROS; AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO; COMPAÑÍA ASEGURADORA "A"; ESTADO LIBRE ASOCIADO DE PUERTO RICO FULANO DE TAL, SUTANO DE TAL Y ENTIDAD XYZ<br><br>Apelada | KLAN202301102 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2023CV00480<br><br>Sobre:<br>Caída |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

### SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2024.

Comparece ante nos Carmen Vyria Ramírez Alvarado (en adelante, señora Ramírez o la apelante) mediante recurso de *Apelación* en el que solicita la revocación de las Sentencias Parciales emitidas el 2 de agosto de 2023, por el Tribunal de Primera Instancia, Sala de San Juan (en adelante, TPI o foro apelado). Por virtud de las mismas, se declaró *Ha Lugar* las mociones de desestimación sometidas por el Estado Libre Asociado de Puerto Rico en representación del Departamento de Transportación y Obras Publicas (en adelante DTOP) y la Autoridad de Carreteras y Transportación (en adelante ACT).

Número Identificador

SEN2024 _____

Examinado el expediente ante nuestra consideración, en virtud del derecho aplicable que más adelante consignaremos, **confirmamos** las sentencias apeladas.

**-I-**

El caso de epígrafe inició el 20 de enero de 2023, con la presentación de una *Demanda* instada por la señora Carmen Ramírez contra Triple S Management Corporation (en adelante Triple S), el Municipio de San Juan, Optima Seguros, la ACT, y el Estado Libre Asociado y su agencia, el Departamento de Transportación y Obras Públicas. En síntesis, la señora Ramírez alegó que el 26 de enero de 2022, sufrió un accidente en la acera ubicada en la marginal de la avenida F.D. Roosevelt, pasada la entrada vehicular al estacionamiento ubicado en o frente la propiedad de Triple S en el Municipio de San Juan. Según indica en la *Demanda*, en la acera había un desnivel que ocasionó que perdiera el balance y cayera sobre la acera. Además, arguyó que la causa del referido accidente se debió a la negligencia de Triple S, el Municipio de San Juan, Optima Seguros, la ACT y DTOP. El 31 de enero de 2023, la señora Carmen Ramírez presentó *Demanda Enmendada* con el único fin de enmendar el epígrafe de la demanda.

El 8 de mayo de 2023, el DTOP presentó una *Moción de Desestimación* bajo la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V. R. 10.2(5), en la que planteó que procedía la desestimación de la *Demanda Enmendada* incoada en su contrada debido a que carece de jurisdicción, control y deber de mantenimiento del área donde ocurrió el accidente. Encima, manifestó que, conforme al Artículo 2 de la Ley Núm. 49 de 1 de septiembre de 1917, conocida como "Ley de Travesías de Puerto Rico", 9 LPRA sec. 13 (en adelante Ley de Travesía), dicho lugar pertenecía al Municipio de San Juan. Por su parte, el 22 de mayo de 2023, ACT presentó su *Contestación a Demanda Enmendada* en la que estableció no tener jurisdicción, control y

mantenimiento del lugar donde se produjo el accidente y, a su vez, sostuvo que no estaba desarrollando ningún proyecto en el referido lugar.

El 31 de mayo de 2023, la señora Carmen Ramírez se opuso a la moción dispositiva del DTOP. Al así hacer, argumentó que, independientemente de lo dispuesto en la Ley de Travesía, el artículo 1.053 de la Ley de Municipios Autónomos[1] (*sic*) establece que los municipios no son responsables por los accidentes ocurridos en carreteras o aceras estatales. Además, indicó que el DTOP debió presentar una certificación bajo juramento del oficial correspondiente en la cual acreditara que la Avenida Roosevelt no estaba bajo su jurisdicción. El 6 de junio de 2023, el foro apelado notificó una *Orden* en la que denegó la *Moción de Desestimación* presentada por el DTOP. **También, les ordenó a todos los codemandados a presentar certificaciones sobre el control, jurisdicción y mantenimiento del área donde ocurrió el referido accidente**.

Así las cosas, el 9 de junio de 2023, ACT presentó una *Moción de Desestimación y/o Sentencia Sumaria Parcial* con la cual, mediante una Declaración Jurada del Ingeniero Eduardo F. Ruiz Vélez, Director de la Oficina Regional Metro de la autoridad, certificó no tener jurisdicción, control y mantenimiento de la Avenida Roosevelt. Por su parte, el 26 de junio de 2023, el Municipio de San Juan y Optima Seguros presentaron en conjunto una *Moción en Cumplimiento de Orden* en la cual adujeron que el lugar donde ocurrieron los hechos alegados fue en la carretera estatal PR-23 conocida como la Avenida Roosevelt. Siendo así, argumentaron que, a tenor con el Código Municipal de Puerto Rico, Ley Núm. 107 de 14 de agosto de 2020, 21 LPRA sec. 7001 et seq. (en adelante, Código Municipal), no están permitidas las reclamaciones contra los municipios por daños y perjuicios que sufran las personas o propiedad en accidentes que ocurran en las carreteras o aceras estatales. Por ello, sostuvieron que no tenían

---

[1] 21 LPRA sec. 7084

jurisdicción sobre la referida carretera, sino que el DTOP era la entidad con jurisdicción y control de ella.

El 24 de julio de 2023, la señora Carmen Ramírez se opuso al escrito en cumplimiento de orden sometido en el caso por ACT. Al así hacer, argumentó que no había tenido oportunidad de realizar el descubrimiento de prueba ni confrontar la suficiencia o veracidad de la referida certificación, por lo que desestimar la *Demanda Enmendada* sería una determinación prematura que violentaría su derecho a un debido proceso de ley.

Varios días después, específicamente el 31 de julio de 2023, el DTOP presentó *Moción Informativa y en Cumplimiento de Orden* de la que surge una Certificación mediante declaración jurada suscrita por el señor Julio Enrique Colón Vargas, Director de la Oficina Regional de San Juan del DTOP, que establece que la acera donde ocurrió el referido accidente en la Avenida Roosevelt no estaba bajo su jurisdicción, control ni mantenimiento. Así las cosas, el 2 de agosto de 2023, el TPI notificó las dos *Sentencias Parciales* apeladas desestimando la reclamación de la apelante en cuanto al DTOP y ACT.

En desacuerdo, el 17 de agosto de 2023, la señora Carmen Ramírez solicitó reconsideración de los dictámenes apelados. Así pues, y a tales efectos, adujo que en el pleito no se ha realizado descubrimiento prueba en relación con la Certificación presentada por ACT. Asimismo, señaló que el DTOP no sometió una certificación, sino meramente una alegación general sin evidencia en torno a que la acera en controversia le pertenece al Municipio de San Juan. [2]

El 13 de octubre de 2023, el foro apelado le ordenó al DTOP mostrar causa por la cual no debía dejar sin efecto la Sentencia Parcial emitida el 2

---

[2] Cabe señalar que posteriormente, el 21 de agosto de 2023, la señora Carmen Ramírez sometió *Desistimiento Voluntario sin Perjuicio* contra el Municipio de San Juan. Similar escrito presentó el 15 de septiembre de 2023 en cuanto a Optima Seguros.

de agosto de 2023. En cumplimiento, el 3 de noviembre de 2023, el DTOP

presentó una *Moción Informativa y en Cumplimiento de Orden* mediante la cual

adjuntó una Certificación suscrita por el Ingeniero Antonio Danilo Cordero

Aglerau que establece lo siguiente:

> "La Sra. Maritza Lugo del área de Control de Acceso de la ACT nos solicitó para su uso, la jurisdicción de la calle Resolución y l marginal en su intersección con la Avenida Franklin Delano Roosevelt o carretera estatal PR-23 en San Juan. La calle Resolución y la marginal donde termina y hace intersección con la Avenida Roosevelt no es parte del sistema de carreteras estatales de Puerto Rico ya que no fue construida por el Departamento de Transportación y Obras Públicas ni por la Autoridad de Carreteras y Transportación. Estas calles fueron construidas por el desarrollador de los solares y de esta urbanización industrial-comercial. La Oficina Regional de la Directora de Obras Públicas de San Juan del DTOP no le da mantenimiento a dicha calle y no está bajo su jurisdicción y dominio. La calle Resolución y la marginal de la Avenida Roosevelt allí ubicadas están bajo la responsabilidad, jurisdicción y dominio del Municipio de San Juan o del mismo desarrollador si es que no le han pasado las calles al municipio mediante escritura pública. Así que ni el Departamento de Transportación y Obras Públicas ni la Autoridad de Carreteras y Transportación son dueños, ni tienen jurisdicción y dominio sobre estas calles."[3]

El 7 de noviembre de 2023, el TPI dictó una *Orden* declarando *No Ha

Lugar* la moción de *Reconsideración* presentada por la señora Carmen

Ramírez. Inconforme aun con dicha determinación, esta acudió ante

nosotros mediante el recurso de apelación de autos, en el cual le imputa al

TPI la comisión de los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA PARCIAL DESESTIMANDO LA DEMANDA CONTRA EL ESTADO LIBRE ASOCIADO DE PUERTO RICO (DTOP)

> SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA PARCIAL DESESTIMANDO LA DEMANDA CONTRA LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO (ACT).

Al discutir el primero de estos señalamientos, sostiene que la

determinación del TPI de desestimar su causa contra el DTOP fue una

prematura y violó su derecho a un debido proceso de ley al no permitirle

---

[3] Véase, *Moción Informativa y en Cumplimiento de Orden* del Apéndice de la apelante, págs. 313-314, inciso 14.

realizar el descubrimiento de prueba ni confrontar la suficiencia o veracidad de la referida certificación y/o las declaraciones juradas presentadas por el DTOP. En la discusión del segundo error señalado, la señora Ramírez en síntesis levanta los mismos argumentos frente a la desestimación de su causa de acción contra ACT; obviamente, en relación a la declaración jurada y certificación que sometió en cuanto a la controversia.

Atendido el recurso, el 19 de diciembre de 2023, emitimos *Resolución* en la que le ordenamos a las partes apeladas a comparecer y someter su posición en treinta (30) días. En cumplimiento con lo ordenado, el 4 de enero de 2024 compareció ACT. El 25 de enero del año en curso, tras peticionar y obtener una extensión del término, finalmente el DTOP, representado por la Oficina del Procurador General hizo lo propio.

Así, y en cuanto al primer señalamiento de error de la apelante, en su comparecencia el DTOP alega que de la declaración jurada y certificaciones presentadas ante la consideración del TPI surge claramente que no ejerce jurisdicción, control ni obligación de mantenimiento de la Avenida Roosevelt. Además, sostiene que la calle Resolución y la marginal donde termina y hace intersección con la Avenida Roosevelt no es una carretera estatal de Puerto Rico por haber sido construida por el desarrollador de la urbanización industrial-comercial. Considerando lo anterior, concluye que la Avenida Roosevelt está bajo jurisdicción, control y mantenimiento del Municipio de San Juan o del propio desarrollador.

Mientras, al oponerse al segundo señalamiento de error, la ACT reiteró que conforme a su *Moción de Desestimación y/o Sentencia Sumaria* y los documentos sometidos en apoyo a esta, no tenía bajo su jurisdicción, control y/o mantenimiento de la Avenida Roosevelt. Argumentó que la apelante al oponerse a la solicitud de desestimación debió cumplir con la obligación de presentar declaraciones juradas o documentos admisibles en evidencia que rebatieran las alegaciones de ACT y demostraran que no

procedía que el TPI dictara sentencia su favor; cosa que no hizo. Por tanto, defendió la decisión apelada.

Con el beneficio de la comparecencia de todas las partes, damos por sometido el asunto y estando listos para resolver, así lo hacemos.

**-II-**

*-A-*

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.
(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
(6) Dejar de acumular una parte indispensable. *Íd*.

Al respecto, el más alto foro ha expresado que, al resolverse una moción de desestimación por el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, "[e]l tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". Aut. Tierras v. Moreno & Ruiz Dev. Corp., 174 DPR 409, 428, (2008); Colón v. Lotería, 167 DPR 625, (2006). Además, deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas. Hernández Colón op. cit., pág. 268; Ashcroft v. Global, 556 US 662 (2009); Bell Atlantic Corp. v. Twombly, 550 US 544 (2007).

Cónsono con lo anterior las alegaciones en la demanda se tienen que interpretar "[c]onjuntamente, liberalmente y de la forma más favorable posible para la parte demandante" Cruz Pérez v. Roldán Rodríguez et al.,

206 DPR 261(2021); López García v. López García, 200 DPR 50, 69 (2018). En ese sentido, la demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. López García v. López García, *Íd*.

Luego de brindarle veracidad a las alegaciones, el tribunal deberá determinar si a base de éstas, la demanda establece una reclamación plausible que justifique la concesión de un remedio al demandante a la luz de la norma establecida en Bell Atlantic Corp. v. Twombly, *supra*. Realizado el análisis de las alegaciones, de entender que los hechos alegados "[n]o cumplen con el estándar de plausibilidad, el tribunal debe desestimar la demanda". R. Hernández Colón, op. cit.; Ashcroft v. Global, *supra*; Bell Atlantic Corp. v. Twombly, *supra*. El propósito de la doctrina es evitar "[q]ue una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias". R. Hernández Colón, op. cit.; J.A. Cuevas Segarra, Tratado de Derecho Civil, 2da ed., San Juan, Pubs. JTS, 2011, Tomo II, pág. 529.

Cabe destacar que la propia Regla 10.2 dispone que, si la desestimación se fundamenta en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio y en la moción se exponen materias no contenidas en la demanda, el tribunal deberá considerar el escrito como una solicitud de sentencia sumaria. El escrito estará sujeto entonces a todos los trámites ulteriores provistos en la Regla 36 de Procedimiento Civil, supra.

La conversión de una moción de desestimación a una de sentencia sumaria, a tenor con lo antes dispuesto, puede ocurrir cuando cualesquiera de las partes, someten materia que no formó parte de las alegaciones, tales como deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la

ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Si de la materia ofrecida surge que el caso no se debería despachar sumariamente y que para su resolución se debería celebrar una vista en su fondo, el tribunal denegaría tanto la conversión de la moción de desestimación en una de sentencia sumaria, como la concesión de la desestimación. Si por alguna razón el tribunal decide no aceptar la materia presentada, el promovente puede presentar nuevamente la materia excluida como documentos que acompañen una moción de sentencia sumaria. Torres Capeles v. Rivera Alejandro, 143 DPR 300 (1997) al citar a 5A Wright and Miller, Federal Practice and Procedure: Civil 2d Sec. 1366 (1990).

En cuanto al mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, sabido es que este es un mecanismo procesal reconocido mediante el cual puede resolverse una controversia sin que se requiera la celebración de un juicio. González Méndez v. Municipio Autónomo de San Juan, Opinión del 24 de julio de 2023, 2023 TSPR 95. Conforme el lenguaje de la mencionada regla procede dictar sentencia si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay u otra evidencia demuestran que no hay controversia real sustancial en cuanto a un hecho esencial y el derecho aplicable lo justifica. *Íd.* al citar a Roldan Flores v. M. Cuebas et als., 199 DPR 664, 676 (2018).

En cuanto a la revisión judicial sobre la denegatoria o expedición de una solicitud de sentencia sumaria, es importante saber que los tribunales apelativos están limitados a: considerar los documentos y argumentos que se presentaron ante el foro primario, determinar si existe o no alguna controversia genuina sobre un hecho material, y determinar si el derecho se aplicó correctamente. Entiéndase pues, los foros apelativos están en la

misma posición que los tribunales de instancia y utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.*

**-III-**

Como informamos, mediante la discusión conjunta de los dos errores señalados, la apelante asevera que debido a que en el pleito no había realizado descubrimiento de prueba, el TPI no debió desestimar la causa de acción que instó contra el DTOP y la ACT. Así, señala que en el pleito no hay una determinación de a quién le compete jurisdicción sobre la acera donde ocurrió el accidente que concluyó en la demanda y resalta que conforme alegó el Municipio de San Juan al contestar la demanda enmendada, esta era una servidumbre de paso del DTOP. A su vez, afirma que la desestimación declarada descansó en una aplicación de la Ley de Travesías que fue rechazada recientemente por nuestro Tribunal Supremo en González Meléndez v. Municipio Autónomo de San Juan, *supra*.

Ante estos señalamientos, la apelante reclama que al amparo de la normativa aplicable a las mociones bajo la Regla 10.2(5) de Procedimiento Civil, *supra,* el foro primario estaba obligado a dar por ciertos todos aquellos hechos bien alegados en la demanda. Añade que dándose estos por correctos y ante las alegaciones levantadas en el pleito por el Municipio, existía controversia sobre si el control, mantenimiento, las obligaciones y/o la jurisdicción respecto a la acera donde ocurrió la caída le correspondía a la ACT o al DTOP. Por consiguiente, expone que las desestimaciones decretadas son erróneas.

El Tribunal Supremo de Puerto Rico ha reiterado en repetidas ocasiones que la revisión de una sentencia se da contra su resultado y no contra sus fundamentos.[4] Un minucioso estudio del expediente bajo el crisol de esta normativa nos mueve a diferir con la apelante y su

---

[4] Pérez Viuda de Muñiz v. Criado Amunategui, 151 DPR 355 (2000) al citar a Pagán v. Alcalde Mun. De Cataño, 143 DPR 314 (1997) y otros.

señalamiento de errores. Por el contrario, un avaluó del expediente nos mueve a concluir que los dictámenes apelados son correctos en derecho.

En cuanto a la *Sentencia Parcial* que concede la solicitud de desestimación del DTOP, puede observarse que, al resolver la cuestión, el foro primario hizo alusión a la *Moción de desestimación* sometida en el caso el 8 de mayo de 2023 por dicha parte. Igualmente puede advertirse al estudiar el expediente que el mencionado escrito fue denegado mediante *Orden* del 1 de junio de 2023, notificada el día 6. Ahora, en esa ocasión, según surge del referido dictamen, al rechazar la desestimación hizo la salvedad de que no existía impedimento para que la desestimación denegada en aquel momento pudiera ser evaluada posteriormente.

Nos parece que, precisamente, en virtud de tal aseveración y conforme a los posteriores escritos sometidos en el caso y sus respectivos anejos el TPI reexaminó la solicitud de desestimación del DTOP y resolvió concederla. Nótese que, entre los escritos que luego se sometieron en el caso se encuentra la *Moción informativa y en cumplimiento de orden* que el DTOP presentó el 31 de julio de 2023. La misma, como es de fácil cotejo, fue acompañada de una *Declaración Jurada* suscrita por el Ingeniero Julio Enrique Colón Vargas, Director de la Oficina Regional de San Juan del DTOP. En tal documento, el Ingeniero Colón Vargas certificó bajo juramento que, "de acuerdo a información obtenida por subalternos y de los documentos oficiales que obran en los archivos de este Departamento" el lugar donde se alega que ocurrieron los hechos en la acera que ubica en la marginal de la Avenida F.D. Roosevelt, Municipio de San Juan, **no está bajo la jurisdicción, el control y mantenimiento del Departamento de Transportación y Obras Públicas Estatal**.

La apelante nada señala en cuanto a esta declaración jurada. De hecho, ni la menciona, limitándose a argüir que la desestimación de su reclamación contra el DTOP descansó en una aplicación errónea de la Ley

de Travesía que ignoró una decisión reciente de nuestro Tribunal Supremo sobre el referido estatuto, así como aquellas alegaciones hechas por el Municipio de San Juan. No obstante, tras considerar todos los escritos que conforman el expediente judicial, nos parece que dicha apreciación es equivocada. En contrario, nos parece claro que **la desestimación concedida se debió a que en el trayecto del pleito la agencia evidenció no tener jurisdicción, control ni mantenimiento del lugar del accidente y por consiguiente, la ausencia de un remedio que pudiera concederse en su contra y a favor de la apelante**. Es más, creemos que, ante la certificación sometida por el DTOP, la moción de desestimación que inicialmente presentó quedó suplementada, pudiéndose evaluar la misma como una solicitud de sentencia sumaria a ser evaluada bajo la Regla 36 de Procedimiento Civil, *supra*. En fin, en virtud de los documentos que el expediente judicial contiene, concluimos el primer error señalado por la apelante no fue cometido.

Similar desenlace alcanzamos en cuanto a la sentencia parcial en favor de ACT impugnada por la señora Ramírez mediante su segundo señalamiento de error. Como arriba señalamos, la ACT presentó ante el foro primario una moción de desestimación bajo la Regla 10.2 (5) de Procedimiento Criminal, *supra*, mediante la cual adjunto una certificación y/o declaración jurada. Siendo ello así, conforme al derecho vigente, esta se convirtió en una moción de sentencia sumaria y como tal debe ser atendida. Así, y tal cual nos es exigido, evaluamos dicho escrito y la oposición sometida ante ello. Así hecho, concluimos que ambos escritos cumplen con los requisitos de forma que exige nuestro ordenamiento jurídico en cuanto a dicha herramienta.

Además, y habiéndose determinado lo anterior, tras evaluar el caso concluimos que no hay controversia alguna que impidiera que el foro primario declarara Con Lugar la moción dispositiva sometida por la ACT.

Ello así, puesto que la ACT adjuntó con la moción una declaración jurada que cumple con las exigencias de la Regla 36.5 de Procedimiento Civil, *supra*, para establecer un hecho incontrovertido.

Aunque la apelante argumenta que el hecho certificado está en controversia, no señala documento o evidencia alguna que así lo demuestre. Al contrario, cualquier controversia reclamada por la señora Ramírez en cuanto a la jurisdicción de las agencias apeladas sobre el lugar del incidente descansa en meras alegaciones hechas por el Municipio de San Juan, quien no es parte del litigio debido al desistimiento voluntario que la apelante sometió en cuanto a este.[5]

Así las cosas, no encontramos elemento alguno que justifique nuestra intervención con la determinación del foro primario en cuanto a la Autoridad de Carrera y Transportación. Tampoco se cometió el segundo señalamiento de error.

**-IV-**

Por todo lo antes consignado, **confirmamos** la *Sentencia Parcial* emitida y notificada el 2 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, contra el Departamento de Transportación y Obras Publicas representado por el Estado Libre Asociado de Puerto Rico.

Asimismo, **confirmamos** la *Sentencia Parcial* emitida y notificada el 2 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, contra la Autoridad de Carretera y Transportación.

Devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

---

[5] Recordemos que las meras alegaciones no constituyen prueba. UPR Aguadilla v. Lorenzo Hernández, 184 DPR 1001, 1013 (2012).

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones