ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LAYSHA SEGUINOT MÉNDEZ<br><br>Parte Recurrida<br><br>v.<br><br>INSTITUTO SOCIO-ECONÓMICO COMUNITARIO (INSEC POR SUS INICIALES), Y OTROS<br><br>Parte Querellada<br><br>AIG INSURANCE COMPANY-PUERTO RICO<br><br>Parte Peticionaria | KLCE202400842 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV00145<br><br>Sala: 805<br><br>Sobre:<br>Ley de Represalia en el Empleo (Ley núm. 115-1991), y otros |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Compareció ante este Tribunal la parte peticionaria, AIG Insurance Company-Puerto Rico (en adelante, "AIG" O "Peticionario"), mediante petición de *certiorari* presentado el 1 de agosto de 2024. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 18 de julio de 2024, notificada y archivada en autos al día siguiente. Mediante el referido dictamen, el foro de instancia declaró "No Ha Lugar" una solicitud de reconsideración presentada por AIG sobre una *Orden* notificada el 28 de junio de 2024.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso ante nuestra consideración.

**I.**

El presente caso tuvo su origen el 8 de enero de 2024, cuando la parte recurrida, Laysha Seguinot Méndez (en adelante, "señora Seguinot

Méndez o "**Recurrida**") presentó una "**Querella**", al amparo del procedimiento laboral sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales", *infra*. Sostuvo que el Instituto Socio-Económico Comunitario (en adelante, "INSEC") incumplió cierto contrato de empleo que ésta sostenía en calidad de directora ejecutiva, luego de ser despedida de su empleo sin razón reconocida o válida. Añadió que dicha terminación de empleo se fundamentó en motivaciones ilegales por haberse efectuado en represalias, al reportar a INSEC ante la Oficina para el Desarrollo Socioeconómico y Comunitario (ODSEC) por actuaciones presuntamente indebidas.

Luego de varios trámites procesales impertinentes, el 3 de junio de 2024, la Recurrida presentó "**Querella Enmendada**" mediante la cual acumuló como parte coquerellada a AIG, por tener esta última una póliza de seguros a favor de INSEC o de alguno de los restantes coquerellados con una cubierta de "Employment Practices Liability". Habiéndose expedido el emplazamiento a nombre del Peticionario, el 26 de junio de 2024, la señora Seguinot Méndez presentó ante el TPI una "**Moción acreditando emplazamiento y solicitando anotación de rebeldía y que se dicte Sentencia de conformidad**". Especificó que AIG fue emplazado el 13 de junio de 2024 y que a esa fecha no había presentado su contestación a la "**Querella Enmendada**". En vista de lo anterior, solicitó se le anotara la rebeldía y se dictara sentencia de conformidad.

El 28 de junio de 2024, el foro *a quo* emitió *Orden* mediante la cual le anotó la rebeldía al Peticionario. Posteriormente, AIG compareció mediante escrito intitulado: "**Moción para que se levante la Anotación de Rebeldía y Solicitud de Prórroga para Descubrimiento de Prueba**". Sostuvo, entre otras cosas, que al no ser patrono de la señora Seguinot Méndez, las disposiciones del procedimiento sumario laboral estatuido en la Ley Núm. 2, *infra*, no les eran extensiva. Por tanto, no venía obligado a presentar su contestación a la "**Querella Enmendada**" dentro del término jurisdiccional de diez (10) días. En vista de lo anterior, solicitó se dejara sin efecto la

anotación de la rebeldía, se le permitiera presentar su contestación a la "**Querella Enmendada**" y se concediera una prórroga para llevar a cabo descubrimiento de prueba. El 10 de julio de 2024, la Recurrida presentó "**Oposición a Solicitud de Reconsideración a Anotación de Rebeldía**", en la que sostuvo que el único remedio disponible para AIG era la presentación de un recurso de *certiorari* ante este Tribunal de Apelaciones, para lo cual tenía un término improrrogable de diez (10) días, a partir del archivo en autos de copia de la notificación del dictamen. Añadió que la *Resolución* anotando la rebeldía al Peticionario fue emitida el 28 de junio de 2024 y notificada ese mismo día. En vista de ello, sostuvo que el plazo de diez (10) días para presentar un recurso de *certiorari* venció el 8 de julio de 2024, por lo que al no haberse presentado el mismo, la anotación de rebeldía en contra de AIG es final y firme y no procedía en derecho su reconsideración.

Atendidas ambas posturas, el 22 de julio de 2024, el TPI emitió una *Orden* mediante la cual declaró "No Ha Lugar" la solicitud de levantamiento de la anotación de rebeldía que fue acogida como una moción de reconsideración. Inconforme con dicho dictamen, el 1 de agosto de 2024, AIG presentó el recurso que nos ocupa. Mediante el mismo, le imputó al foro de instancia la comisión de los siguientes errores:

> **PRIMER ERROR: Erró el TPI al aplicar la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como la Ley Sumaria de Reclamaciones Laborales contra una parte que no es patrono de la querellante-recurrida.**

> **SEGUNDA ERROR: Erró el TPI al no levantar la anotación de rebeldía contra AIG Insurance Company**.

**II.**

**A.**

La Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado

conforme a la ley y a las reglas aplicables. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, 202 DPR 495, 501 (2019).

En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Íd.; Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008). Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico. Íd.

**C.**

Sabido es que la Ley Núm. 2, *supra*, instituye un procedimiento sumario de adjudicación de pleitos laborales dirigidos a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativas a salarios, beneficios y derechos laborales. De ahí que se le imponga una carga procesal más onerosa a la parte con mayores medios económicos, el patrono. Rivera v. Insular Wire Products Corp., 140 DPR 912, 924 (1996).

A fin de lograr la consecución de dichos propósitos, el estatuto establece: (1) términos cortos para presentar la contestación de la querella o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo para diligenciar el emplazamiento del patrono; (4) el proceso para presentar defensas y objeciones; (5) límites a la utilización de los mecanismos de descubrimiento de prueba; (6) la aplicabilidad limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento sumario; (7) que ninguna de las partes pueda someter más de un interrogatorio o deposición, ni está autorizado a tomar una deposición a la otra parte después de haber sometido un interrogatorio ni viceversa, excepto cuando concurran circunstancias excepcionales; y (8) la obligación de los tribunales de emitir sentencia en rebeldía cuando el patrono incumple con el término para contestar la querella o demanda. 32 LPRA sec. 3120; *véase*, Vizcarrondo v. MVM, Inc. *et al.*, 174 DPR 921, 929 (2008).

Cónsono con lo anterior, en reiteradas ocasiones el Tribunal Supremo ha establecido que los tribunales deben dar estricto cumplimiento al propósito de la medida legislativa, que es la celeridad y la rapidez del proceso. Dávila, Rivera v. Antilles Shipping Inc., 147 DPR 483, 493 (1999). Por ello, se ha enfatizado que la esencia y médula del trámite establecido por esta legislación "constituye el procesamiento sumario y su rápida disposición". Íd. Sin esta característica sumaria estaríamos ante un procedimiento ordinario más "en el cual la adjudicación final que

oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial". Íd.

La Sección 9 de la Ley Núm. 2, *supra*, dispone lo siguiente:

Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.

La parte que se considere perjudicada por la sentencia que emita el Tribunal de Apelaciones, podrá acudir mediante auto de *Certiorari* al Tribunal Supremo de Puerto Rico, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones. 32 LPRA sec. 3127 (énfasis suplido).

Por otro lado, en Dávila, Rivera v. Antilles Shipping, Inc., *supra*, el Tribunal Supremo aclaró que las resoluciones interlocutorias que emitan los tribunales de instancia no son revisables por este Tribunal. Lo anterior, con excepción de aquellos casos en que: (1) la resolución interlocutoria haya sido dictada por el tribunal de instancia de forma *ultra vires*, sin jurisdicción; (2) la revisión inmediata, en dicha etapa, disponga del caso en forma definitiva; o (3) cuando la revisión inmediata evite una grave injusticia. Íd., pág. 497. Sólo en estos casos podrá este Tribunal ejercer su facultad de revisar una resolución interlocutoria por vía de un auto de *certiorari*. Íd.

Cónsono con la naturaleza sumaria de los procedimientos bajo la Ley Núm. 2, nuestro más alto foro determinó que en estos casos la parte tendrá el término de diez (10) días para recurrir ante el Tribunal de Apelaciones. Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 736 (2016). Si bien el referido estatuto no provee un término para solicitar revisión de una resolución interlocutoria, el Tribunal Supremo explicó que éste debía ser análogo al término provisto para solicitar la revisión de una sentencia o resolución final del TPI, pues aplicar el término de treinta (30) días establecido por la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, resultaría en un "absurdo procesal". Íd., pág. 735.

En atención al carácter sumario de la Ley Núm. 2, se ha resuelto que "**la figura de la reconsideración interlocutoria es <u>incompatible</u> con el procedimiento provisto por la Ley 2, *supra***". Íd., pág. 736 (énfasis

suplido). Lo anterior, debido a que "se daría la anomalía de proveer a las partes un término mayor para solicitar reconsideración que el provisto por la [Ley 2], *supra*, para la revisión de determinaciones finales". Íd. Recientemente, el Tribunal Supremo reiteró que "**en un procedimiento sumario laboral provisto por la [Ley 2] no está permitido solicitar reconsideración de determinaciones judiciales, ya sean éstas interlocutorias o finales**". León Torres v. Rivera Lebrón, 204 DPR 20, 32-33 (2020) (énfasis suplido).

**III.**

Según citado, una parte adversamente afectada por una determinación interlocutoria dentro de un pleito ventilado al amparo de la Ley Núm. 2, *supra*, tiene un término de diez (10) días para recurrir ante este Tribunal por vía de un recurso de *certiorari*. Ahora bien, la disponibilidad de dicho vehículo discrecional está disponible para dicha parte en las contadas excepciones anteriormente reseñadas.

Examinado el trámite procesal del caso, surge que el **27 de junio de 2024, notificada al día siguiente,** el TPI le anotó la rebeldía a AIG. Insatisfecho con dicho dictamen, el Peticionario presentó una solicitud para que se dejara sin efecto la anotación de rebeldía y se le permitiera presentar una contestación a la "**Querella Enmendada**" interpuesta por la señora Seguinot Méndez. Dicha comparecencia fue acogida correctamente por el foro de instancia como una petición de reconsideración de la *Orden* del foro primario anotándole la rebeldía al Peticionario. Nótese que AIG no hizo otra cosa que no fuera exponer las razones por las cuales entendía que el foro *a quo* debía reconsiderar su determinación y dejar sin efecto la anotación de la rebeldía en su contra.

A pesar de que nuestro máximo foro judicial ha reiterado que la moción de reconsideración es incompatible con el procedimiento sumario instituido en la Ley Núm. 2, *supra*, AIG optó por utilizar dicho mecanismo procesal, con miras a que el foro de instancia dejara sin efecto la *Orden* notificada el 28 de junio de 2024. Un examen de los autos electrónicos del TPI revela que el caso ante nuestra consideración no se ha convertido a un

pleito ordinario, por lo que la presentación de dicha moción es inconsistente con el trámite sumario regulado en la Ley Núm. 2, *supra*.

En vista de lo anterior, el único remedio que tenía AIG era recurrir ante este Tribunal mediante un recurso de *certiorari* **en o antes del 8 de julio de 2024** e invocar las excepciones reconocidas por el Tribunal Supremo de Puerto Rico. Habiéndose presentado el recurso ante nos el 1 de agosto de 2024, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del mismo y, a la luz del derecho aplicable, procede su desestimación por haberse presentado tardíamente.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, se *desestima* el recurso de *certiorari* ante nos, por haberse presentado tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones