ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| WANDA I. LUGO ROBLES<br><br>Parte Recurrente<br><br><br>v.<br><br><br>ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>Parte Recurrida | KLRA202500323 | *Revisión Judicial,* procedente de la Administración de Servicios Generales<br><br>Caso Núm.:<br>ASG-IM-25-002<br><br><br>Sobre:<br>Incumplimiento con el deber de conservar y mantener bitácoras |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de junio de 2025.

Compareció la Sra. Wanda I. Lugo Robles (en adelante, "señora Lugo Robles" o "Recurrente"), mediante "**Revisión Judicial**" y nos solicita que revoquemos la *Notificación de Multa* que emitió la Administración de Servicios Generales (en adelante, "ASG") el 20 de mayo de 2025. En el referido dictamen, ASG le impuso a la señora Lugo Robles una multa de cuatro mil dólares ($4,000.00) por el incumplimiento con las disposiciones de la Ley Núm. 73-2009 y el Reglamento para la Administración y Control de Vehículos de Motor y Otros Medios de Transporte del Gobierno de Puerto Rico, Reglamento Núm. 9177 de 20 de mayo de 2020 (en adelante, "Reglamento 9177").

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por incumplimiento con el Reglamento del Tribunal de Apelaciones.

**I.**

La señora Lugo Robles acudió ante nosotros para impugnar una multa de cuatro mil dólares ($4,000.00) que le impuso la ASG por incumplimiento con las disposiciones de la Ley Núm. 73-2019 y el Reglamento para la Administración y Control de Vehículos de Motor y Otros Medios de Transporte del Gobierno de

Puerto Rico, Reglamento Núm. 9177 de 12 de mayo de 2020. Sin embargo, al revisar el contenido del expediente ante nos, advertimos que las fechas de la *Notificación de Multa*, la *Solicitud de Reconsideración* presentada por la Recurrente y su correspondiente *Resolución* son incongruentes entre sí. Esto nos impide poder auscultar nuestra jurisdicción para determinar si poseemos autoridad para revisar en los méritos el recurso presentado.

Así pues, mediante *Resolución* emitida el 3 de junio de 2025, le concedimos a la señora Lugo Robles un término de cinco (5) días para que presentara copia del documento de la cual surgiera la fecha de archivo en autos de la copia de la notificación de la determinación recurrida, de manera que nos permitiera auscultar nuestra jurisdicción para intervenir y resolver en los méritos las controversias presentadas ante nuestra consideración. Transcurrido dicho término, la Recurrente no compareció.

## II.

## A.

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128

DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. <u>Ruiz Camilo v. Trafon Group, Inc.</u>, *supra*, pág. 268.

**B.**

El perfeccionamiento del recurso de revisión judicial está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones dispone, en su parte pertinente, que:

> El escrito de revisión contendrá:
>
> (E) Apéndice
>
> (1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:
> […]
> (d) Toda moción, resolución u orden necesaria **para acreditar la interrupción y reanudación del término** para presentar el recurso de revisión.
> […]
> La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso. 4 LPRA Ap. XXII-B, R. 59 (énfasis suplido).

Sobre el cumplimiento de las normas dispuestas en los reglamentos, el Tribunal Supremo de Puerto Rico ha establecido que las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. <u>M-Care Coumpounding, *et al* v. Dpto. de Salud</u>, 186 DPR 159-176 (2012); <u>Pueblo v. Rivera Toro</u>, 173 DPR 137, 144 (2008). Así pues, el Alto Foro reconoció que las disposiciones reglamentarias sobre el perfeccionamiento de los recursos debían aplicarse flexiblemente, **cuando se incumple con un requisito de forma <u>de menor importancia</u>**. <u>Arriaga v. FSE</u>, 145 DPR 122, 130 (1998).

De conformidad con lo anterior, advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". <u>Febles v. Romar</u>, 159 DPR 714, 722 (2003). Sobre este particular, la jurisprudencia ha dispuesto que las disposiciones reglamentarias sobre los recursos que se presenten ante los tribunales apelativos deben observarse rigurosamente y su incumplimiento puede dar lugar a la desestimación. <u>Arraiga v. F.S.E.</u>, *supra*, pág. 130.

**C.**

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

**III.**

Como mencionamos, después de examinar el expediente ante nuestra consideración, es más que evidente que el recurso no es revisable. Nótese que la Recurrente no incluyó copia del documento acreditativo de la fecha exacta en que se notificó la determinación impugnada en el caso de epígrafe, de manera que nos permitiera determinar nuestra jurisdicción. El incumplimiento de la señora Lugo Robles con los requisitos reglamentarios exigidos para el perfeccionamiento del recurso de revisión judicial nos priva de jurisdicción para atender los planteamientos señalados en el recurso.

La ausencia de copia de este documento, requerido por el Reglamento de este Tribunal, nos impide determinar responsablemente nuestra autoridad adjudicativa.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de epígrafe por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones