ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Apelada<br><br><br>v.<br><br><br><br>ISMAEL BURGOS REYES<br><br>Parte Apelante | TA2025AP00492 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E IS2022G0021<br>E LE2022G0230<br><br>Sala: 302<br><br>Sobre:<br><br>Reconsideración de Sentencia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2025.

**I.**

Compareció el Sr. Ismael Burgos Burgos (en adelante, "señor Burgos Burgos" o "Recurrente"), mediante recurso de apelación presentado el 24 de octubre de 2025. Mediante el mismo, nos solicitó la revisión de la *Sentencia* que recayó en su contra el 8 de agosto de 2023 en un procedimiento criminal en el cual resultó culpable.[1] Sostuvo que durante el procedimiento que se celebró ante el Tribunal de Primera Instancia se le violentó su derecho a un debido proceso de ley y, por tanto, la sentencia que recayó en su contra fue ilegal.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por su presentación tardía.

**II.**

**A.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo

---

[1] Hemos constatado la fecha de dicho dictamen a través del Tribunal Electrónico del Poder Judicial.

cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

Constituye norma de derecho reiterada que un recurso prematuro al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello así, toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007). Por lo tanto, un tribunal que carece de jurisdicción solamente tiene jurisdicción para así declararlo y desestimar el caso. Íd.

En consonancia con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025), dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término

establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

De otra parte, la Regla 23 (A) del Reglamento del Tribunal de Apelaciones, según enmendado, establece que el recurso de apelación mediante el cual se solicita la revisión de una sentencia final dictada en un caso criminal originado en el Tribunal de Primera Instancia se formalizará con la presentación de dicho recurso "dentro del término de treinta días siguientes a la fecha en que la sentencia haya sido dictada. Este término es jurisdiccional, pero si dentro del término indicado se presentare una moción de nuevo juicio fundada en las Reglas 188(e) y 192 de Procedimiento Criminal, o una moción de reconsideración fundada en la Regla 194 de Procedimiento Criminal, según enmendada, el escrito de apelación podrá presentarse dentro de los treinta días siguientes a aquel en que se notificare al acusado o a la acusada la orden del tribunal que deniega la moción de nuevo juicio o adjudica la moción de reconsideración". *Véase*, Regla 23 (A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 37, 215 DPR __ (2025).

**III.**

Conforme hemos adelantado, el recurso ante nuestra consideración fue presentado el 24 de octubre de 2025. Sin embargo, la *Sentencia* cuya revisión se solicitó fue dictada el 8 de agosto de 2023. Es decir, el caso ante nuestra consideración fue radicado fuera del término de jurisdiccional de treinta (30) días que dispone nuestro ordenamiento jurídico para presentar este tipo de recurso con el objetivo de impugnar una sentencia en un caso criminal. De hecho, el mismo se presentó a casi dos (2) años de haber sido dictada la *Sentencia* por el foro apelado. Lo anterior, inevitablemente, implica que procede la desestimación del caso por su presentación tardía.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de epígrafe por su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones